Nov. Term,
1858.

HOLLAND
v.
HATCH.

HOLLAND v. HATCH and Others.

*A.*, who had long been in the habit of drawing and indorsing bills of exchange for the accommodation of *B.*, to be filled up with such sums as the latter might want, but who had never expressly authorized him to put in the clause waiving valuation laws, signed, in blank, one of two bills as maker, and the other as indorser. The bill drawn by *A.* was accepted by *B.* as drawee, and indorsed by *C.* and *D.*, and was filled up by *E.* and *F.*, who added the clause waiving appraisement laws. The other bill was signed by *B.* as drawer, accepted by *C.* and *D.* as drawees, and with *A.'s* indorsement upon it, passed over to *E.* and *F.*, who filled it up as in the other case, inserting the clause waiving appraisement laws. Thus filled up, they were given to *E.* and *F.*, in novation for two other bills to which *A.* was a party for the accommodation of *B.*, and which did not contain the clause waiving appraisement laws. Upon these bills, *E.* and *F.* sued *A.*, who answered, denying under oath that he drew the one, or indorsed the other.

*Held*, 1. That the foregoing facts sustained the answer; that the insertion of the clause waiving appraisement laws by the plaintiffs, rendered both bills, as to the defendant, absolutely void.

2. That, in such case, the Court is not authorized to hold the bills void so far as the clause inserted without authority is concerned, and valid as to the remainder; but that the case stands upon the same reason as that of the alteration of a note or bill of exchange already filled up, by the holder.

APPEAL from the *Franklin* Circuit Court.

*Wednesday, January 12, 1859.*

WORDEN, J.—This was a suit by the appellees against the appellant upon two bills of exchange; upon one as indorser, and upon the other as drawer.

The first paragraph of the complaint counts upon a bill drawn by *Richard Tyner* upon *James M. Tyner* and *William Childers*, by the firm name of *Tyner* and *Childers*, payable to *Holland*, at *Hatch* and *Langdon's*, *Cincinnati*, *Ohio*, accepted by *Tyner* and *Childers*, and by *Holland* indorsed to the appellees.

The second paragraph is predicated upon a bill drawn by *Holland*, upon *Richard Tyner*, payable to the above-named *Tyner* and *Childers*, at the *Central Bank*, *Cincinnati*, *Ohio*, accepted by *R. Tyner*, and indorsed by *Tyner* and *Childers* to the appellees. Both of the bills waive any relief from valuation or appraisement laws.

The defendant put in issue the indorsement of the one, and the drawing of the other, by denial under oath. Trial by jury, verdict and judgment for plaintiffs below.

VOL. XI.—32

Judgment was rendered for the plaintiffs for the amount due on the bills, but the Court refused to render judgment waiving appraisement laws. This refusal of the Court, the appellees assign as a cross-error, and pray that the judgment may be modified so as to conform to the bills.

The appellant assigns for error the giving of several instructions to the jury, and the refusal of the Court to give instructions prayed for.

It appears by a bill of exceptions, that on the trial it was proved by the testimony of *Richard Tyner,* that *Holland,* the defendant, had, for a long time, been in the habit of giving him (the witness) his signature, as drawer and indorser on bills, to be filled up by witness for such sums as he wanted from time to time, and that the witness had used such bills as he needed them, but that Mr. *Holland* never expressly authorized him to put in the clause waiving valuation laws. The two bills were blanks as follows, when *Holland* put his name to the one as drawer, and to the other as indorser, viz.:

No.........           ..................185..
    'Pay to the order of...............................
.......................................... dollars,
value received.         .........................

These bills were both blank as to date and place of drawing, time of payment, name of payee, amount and place where payable.

The one drawn by *Holland* on witness was taken by him to the plaintiffs, with his acceptance written thereon, together with the indorsement of *Tyner* and *Childers,* to be filled up by plaintiffs; but witness said nothing to them about filling it up waiving appraisement laws. It was filled up by plaintiffs as to date, amount, &c., and a clause inserted waiving appraisement laws. After it was filled up, it was handed to witness to look over, and he says he glanced over the amount and time it had to run, but did not observe the rest of it. He then handed it back to plaintiffs.

Nov. Term,
1858.

HOLLAND
v.
HATCH.

The other bill was taken by the witness to the plaintiffs, with his own name attached as drawer, that of *Tyner* and *Childers* as acceptors, and *Holland* as indorser, and filled up by plaintiffs, including the clause waiving appraisement laws, but witness said nothing to them about inserting this clause. When filled up, it was also handed to the witness to examine, who made no objection to the waiver, as he expected to meet it at maturity.

*Holland* had given witness no authority to insert the waiver, unless the authority was implied from his giving him his signature on bills in blank, as these were when his signature was obtained. *Holland* had no interest in these bills, but was a party to them for the accommodation of the witness. The bills were given to the plaintiffs in novation of two other bills on which *Holland* was an accommodation drawer or indorser for the witness, neither of which last-named bills waived the appraisement laws.

This is the substance of the testimony of *Richard Tyner* as to the manner of executing the bills by *Holland.*

The Court, at the request of the plaintiffs, charged the jury as follows:

"That if *George Holland* drew one of the bills in suit, and indorsed the other, in the manner testified to by *Richard Tyner*, the said bills were valid and binding on the said *George*, and the issue made by the plea of *non est factum*, must be decided against the said *George*, and in favor of the plaintiffs."

This charge was duly excepted to.

The defendant asked several instructions, to the effect that, under the circumstances, the plaintiffs had no right, in filling up the bills, to insert the clause waiving appraisement laws, and that such clause vitiated the bills as against *Holland;* but these instructions were refused, and exceptions taken.

Upon the instruction given, and those refused, two questions arise—

1. Was there any authority to insert the clause waiving the appraisement laws?

2. If not, does the insertion of it vitiate the bills, or will

they remain good as if the clause had not been inserted, entirely disregarding it in giving effect to the bills?

There can be no doubt that if a person indorses or signs a blank paper or note, and intrusts it to another that he may raise money upon it, he authorizes that other person to render him liable in any amount, and at any time he may please. There is no restriction in the implied authority in such case. *Bell* v. *The State Bank*, 7 Blackf. 456, and authorities there cited. Many other authorities might be cited to the same effect.

In the case of *The Mechanics and Farmers' Bank* v. *Schuyler*, 7 Cow. 337, it is said that "An indorsement on a blank note, without sum, or date, or time of payment, will bind the indorser for any sum, payable at any time which the person to whom the indorser intrusts it chooses to insert." The authorities, probably, will sustain the position that, in such case, any and all blanks may be filled which are necessary and proper to make the instrument a perfect and complete bill of exchange, or promissory note, as the case may be; but we know of none which would sustain the position that simply signing and delivering such blank paper, would authorize the insertion of a clause wholly unnecessary to make the paper perfect and complete as an ordinary note or bill.

The case of *Crutchley* v. *Clarence*, 2 M. and S. 90, certainly does not countenance the idea that anything may be added except the filling of such blanks as may be necessary to make the bill perfect. It was a case where a bill had been issued blank as to the name of the payee, which had been inserted by the holder.

Lord ELLENBOROUGH, C. J., says: "As the defendant has chosen to send this bill into the world in this form, the world ought not to be deceived by his acts. The defendant, by leaving the blank, undertook to be answerable for it when filled up in the shape of a bill." BAILEY, J., says: "The issuing of the bill in blank, without the name of the payee, was an authority to a *bona fide* holder to insert the name."

In Edwards on Bills, &c., p. 95, it is said that, "Where

a blank is left in it, there is an implied authority to the holder to fill up the instrument, and make it, in fact, what it was designed to be."

In *Bruce* v. *Westcott*, 3 Barb. 374, it was held that the insertion of the words "or his order" in a promissory note, after the name of the payee, although there was sufficient space left to do so without creating suspicion in the mind of an innocent holder, rendered the note invalid in the hands of such innocent holder, on the ground that the note was already perfect without the words of negotiability. In the case at bar, if the bills in question had been entirely filled up with the sums, dates, &c., and made in every respect perfect, at the time they were delivered by *Holland* to *R. Tyner*, excepting the insertion of the clause waiving appraisement, it will scarcely be contended that *Tyner* would have had the right to insert such clause. Such a power would be an extremely dangerous one, as it might subject parties to bills, to a kind of liability which they never, for a moment, contemplated incurring. This, very clearly, could not be done; and we are wholly unable to see how the leaving of blanks that may be filled up by the holder, would authorize the insertion of a clause which could not have been inserted had the blanks been filled up. We are of opinion that the signing of the bills by *Holland*, and their delivery to *Tyner*, did not authorize the insertion of the clause in question.

Was there anything in the facts and circumstances attending the transaction that conferred such authority?

*Tyner* says that *Holland* never gave him any such authority, unless it was implied, &c., and although the defendant had been, for a long time, in the habit of giving *Tyner* his signature, as drawer and indorser on bills in blank, to be filled up by *Tyner*, yet it does not even appear that he had filled up other bills in this way, and that his acts were subsequently ratified and confirmed by *Holland*. The bills were used in novation of other bills to which *Holland* was an accommodation party for *Tyner*, which last bills did not contain the waiver. We see nothing in the facts and

circumstances of the case that would authorize the insertion of the clause in question.

The second question, as to the effect of the insertion of the waiver, is not entirely free from difficulty. It is insisted that if there was no authority to insert it, its insertion was a mere excess of authority, which would not vitiate the bills, and that they may be treated as if this clause had not been inserted.

It is abundantly settled, that a material alteration in a note or bill, avoids it as to previous parties not consenting to the alteration. *Bell* v. *The State Bank, supra.—Master* v. *Miller,* and cases collected in 1 Smith's Lead. Cases, 490*b.*—Edwards on Bills, &c., 95.

There is not, strictly, an alteration in the terms of the bills, as by striking out something inserted, and supplying the matter stricken out with something else, but the incorporation of an entirely new feature into the contracts, varying their legal effect, by adding stipulations not contained in the bills originally, nor authorized to be inserted. We cannot view the matter in any other light than we should if the bills, when delivered by *Holland* to *Tyner,* had been in every respect perfect, with all blanks filled, and the clause in question afterwards interpolated. Nor can we distinguish the difference in principle between the interpolation of a new clause into a contract, whereby its legal effect is materially changed, and striking out one thing and inserting another, whereby the same result is effected. The bills, in their present shape, are the contracts of *Holland,* and he is bound by them, or they are not his and he is not bound at all. Each is entire, and must be recovered upon as an entirety or not at all. The case is claimed to be like one where an excess of authority is exercised by an agent, where the thing authorized to be done is divisible from that not authorized. As, if a servant is authorized by his master to sell a horse, but not to make any warranty against defects; or, if an agent is empowered to convey lands, but not to warrant the title, and the agent sells or conveys with a warranty, the warranty only, and not the

sale, is said to be void.  This may be correct doctrine; but we think it not applicable to the case at bar.  As before remarked, each of these bills is entire and good as it stands, or it is good for nothing.  When all the blanks in these bills were filled up, so as to make them perfect, the agency or authority of *Tyner* ceased, and his functions in this respect were discharged.  Thus far his acts were valid, but when the other clause was inserted, the entire bills were rendered void, not simply because *Tyner* exceeded his authority, but because the clause inserted materially changed the legal effect of the bills as originally signed by *Holland.* So far as the defendant's liability is concerned, we think the case stands precisely as it would if all the blanks had been filled up when *Tyner* negotiated the bills to the plaintiffs, without the clause in question, and they had afterwards inserted it.  The legal effect of the instruments, as signed by defendant, was to permit the holder to fill up all the blanks as to sums, times of payment, payees, &c., as he might choose, and make the bills complete; but more than this, neither *Tyner* nor any one else had the right to do; and we think the insertion of the clause waiving the appraisement laws, either by *Tyner* or any other holder, so essentially changes the character of the bills as to render them void.

The plaintiffs cannot complain that they were, in any manner imposed upon.  They were advised that the bills did not contain the waiver when signed by *Holland*, as it was inserted by themselves.  They must be presumed to have known that the signature of *Holland* to the blank bills did not authorize the insertion of that clause, as every man is presumed to know the law; and *Tyner* did not represent to them that he had any authority to do so, or say anything about it, nor did they institute any inquiries of him on the subject.

The instruction given to the jury was erroneous, and the judgment must be reversed.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded for a new trial.

Nov. Term,
1858.

J. *Ryman*, B. J. *Spooner*, and J. D. *Howland*, for the appellant (1).

P. L. *Spooner* and A. *Brower*, for the appellees (2).

