## COLLIER v. WAUGH ET AL.

PROMISSORY NOTE.—*Payable in Bank.*—*Action by Endorsee.*—*Answer.*— *Bribery of Prosecuting Attorney.*- In an action by an endorsee, against the maker, on a promissory note payable in bank, the latter answered alleging that the note was executed to the payee, who was a prosecuting attorney, solely to procure the dismissal of a criminal prosecution then pending, of which the payee had official charge ; and that the plaintiff had taken an assignment of the note in suit, without consideration, and with notice of the facts alleged.
*Held*, on demurrer, that the answer is sufficient.
SAME.—*Alteration.*—An answer in such action, alleging the alteration of the note, after its execution, by increasing its principal without the knowledge or consent of the defendant, and that the plaintiff had notice thereof, and had taken an assignment of the note without consideration, is sufficient.

From the Boone Circuit Court.

*W. B. Walls*, for appellant.

HOWK, C. J.—This was a suit by the appellant, as endorsee, against the appellees, as makers, of a promissory note for $125, dated November 7th, 1874, payable sixty days after date to the order of William B. Walls, at the First National Bank of Lebanon, Ind., and endorsed by said Walls, on the 30th day of December, 1874, and before its maturity, to the appellant.

The appellees jointly answered in three paragraphs, to the first of which the appellant replied by a general denial; and he demurred to each of the second and third paragraphs of said answer upon the ground that it did not state facts sufficient to constitute a defence to his action. This demurrer was overruled by the court, and to this ruling the appellant excepted, and then replied to said second and third paragraphs of answer by a general denial thereof.

The cause was tried by a jury, and a verdict was returned for the appellees; and the court rendered judgment accordingly.

The appellant's motion for a new trial was overruled by the court, and to this decision he excepted, and filed his bill of exceptions.

The appellant has here assigned, as errors, the following decisions of the court below.

1. In overruling his demurrer to the second and third paragraphs of the appellees' answer; and,

2. In overruling his motion for a new trial.

1. In the second paragraph of their joint answer, the appellees said, in substance, that the note in suit was given for an illegal consideration, in this, that, at the time of the execution of said note, William B. Walls was the prosecuting attorney for the Twentieth Judicial Circuit of this State; that, at that time, the appellee George H. Waugh was charged with an assault and battery, with intent to kill and murder one Elizabeth Waugh, at Boone county, Indiana; that thereupon the said Walls, so acting as prosecuting attorney for said circuit, did solicit and induce the appellees to execute a note to him, said Walls, for and in consideration that he, the said Walls, as such prosecuting attorney, would dismiss said cause, then pending against said George H. Waugh, wherein the State of Indiana was plaintiff, and said George H. Waugh was defendant; that the said Walls read the said note to be for twenty-five

dollars and no more, and the appellees believed the said note to be for twenty-five dollars and no more, and, believing that the said Walls had correctly read the said note, they did not read the said note; that the said note was given for no other or different consideration than above named; that afterward the said note was assigned to the appellant in this cause, without any consideration whatever, and that the appellant, at the time of said assignment, well knew for what said note was given.

It can not be doubted, we think, that the facts stated in this paragraph of the appellees' answer were amply sufficient, if true, and the demurrer thereto concedes their truth, to constitute a complete defence to the appellant's action. These facts clearly show that the note in suit was executed upon a corrupt and illegal consideration, and upon no other consideration, and in consummation of a corrupt and illegal contract or agreement; and that the note was endorsed to the appellant, without any consideration whatever, and with full knowledge on his part of the consideration of such note. In the case of *The State* v. *Walls*, 54 Ind. 561, which was a prosecution against Walls for bribery in accepting a promissory note similar to the note now in suit, to influence his behavior in office, it was said by NIBLACK, J., in delivering the opinion of the court, "A note executed to a public officer, to improperly influence his official conduct, is not only without a valid consideration, but is against public policy, and hence utterly void." In the case of *The State* v. *Henning*, 33 Ind. 189, it was held by this court, that a prosecuting attorney is " an officer entrusted with the administration of justice," within the meaning of that expression as used in section 39 of the felony act, which section defines and prescribes the punishment for the offence of bribery. 2 R. S. 1876, p. 443. The only consideration for the note sued upon, under the allegations of his second paragraph of answer, was the promise of the

payee of the note, as a public officer, to do an illegal and corrupt act, in the pretended discharge of his official duty. It is very clear, that the appellant's demurrer to this paragraph of answer was correctly overruled.

In the third paragraph of their answer, the appellees alleged, in substance, that, at the time named in the complaint, they executed a note to said William B. Walls for the sum of twenty-five dollars, which said note, after its execution and delivery, was altered and changed so as to make it the note now in suit for one hundred and twenty-five dollars, instead of for twenty-five dollars, as it was when they executed and delivered it to said Walls; and that the appellant took an assignment of said note, and paid no consideration whatever for the same, then and there well knowing that said note had been so altered and changed as aforesaid, after the making and delivery thereof.

The appellant's counsel has wholly failed to discuss the sufficiency of this third paragraph of answer, or to point out any objections thereto, in his argument of this cause in this court. If, threefore, the court below erred in overruling his demurrer to this paragraph of answer, the error must be regarded as waived, under the settled practice of this court. The alteration of a note for twenty-five dollars to one for one hundred and twenty-five dollars, was certainly a material alteration, and if unauthorized by the makers of the note, and whether the fact of such alteration was known to the appellant at the time he took the assignment of the note, as alleged in the answer, or not, such alteration would avoid the note, and release the appellees from any liability thereon. *Holland* v. *Hatch,* 11 Ind. 497; and *Schnewind* v. *Hacket,* 54 Ind. 248.

2. The second error assigned by the appellant is the decision of the circuit court in overruling his motion for a new trial. The causes for such new trial, assigned by the appellant, were, that the verdict of the jury was not sus-

tained by sufficient evidence, and that it was contrary to law. Under these causes for a new trial but one question is presented for decision, and that is, whether or not there was any legal evidence adduced upon the trial, tending to sustain the appellees' defences. The evidence is in the record, and it seems to us, from our examination of it, that there was legal evidence before the jury tending to sustain every material averment of each paragraph of the appellees' answer. In such a case, although the evidence is conflicting, we can not disturb the verdict of the jury, upon the weight of the evidence.

We find no available error in the record of this cause.

The judgment is affirmed, at the appellant's costs.