McCoy *v.* Lockwood.

------◆------

71  319
e166  425

McCoy *v.* Lockwood.

No. 6789.

ALTERATION OF WRITTEN INSTRUMENT.—*Promissory Note.*—The alteration of a promissory note after delivery, by the payee or holder thereof, from a note negotiable under the statute merely, to a note payable at a bank in this State, and negotiable as an inland bill of exchange, without the knowledge or consent of the maker of the note, and without his au-

thority, express or implied, is a material alteration which will vitiate and avoid the note, and discharge the maker from liability thereon.

BLANK SPACE IN NOTE.—*Implied Authority to Payee to Fill.*—*Case Distinguished.*—Where a blank space in a note has been left by the maker, unfilled and unerased, at the time of delivery, the payee or holder of such note will have no implied authority from the maker to fill such blank with matter foreign to the apparent purpose for which it had been left. *Marshall* v. *Drescher*, 68 Ind. 359, distinguished.

PRINCIPAL AND SURETY, AND CREDITOR OR OBLIGEE —*Relative Rights of Each.*— Any person bound as surety upon any bond, bill of exchange, promissory note payable at a bank in this State or generally, or any other contract in writing for the payment of money, etc., after the maturity thereof, may require by written notice the creditor or obligee forthwith to institute an action upon the contract ; and if the creditor or obligee shall not, within a reasonable time, bring his action upon such contract, and prosecute the same to judgment and execution, the surety will be discharged from all liability thereon.

SERVICE OF NOTICE.—*Proof of Service.*—The surety's notice to the creditor or obligee must be in writing, and must be served personally by reading and delivering a copy to the creditor or obligee in person, or to some person of proper age at his usual place of residence; and the proof of such service may be made as provided in section 292 of the code.

SAME. - *Statute Construed.*—The word "defendant," in the *fourth* clause of said section 292, should be construed to mean "party," as the body of said section relates to the proof of service of notice "upon any party."

REASONABLE TIME.—Where the creditor or obligee did not commence an action upon the written contract, until more than three years after the service of the surety's written notice, such action was not commenced within a reasonable time, and the surety was discharged from liability.

From the De Kalb Circuit Court.

*R. W. McBride, J. L. Morlan* and *W. H. Leas*, for appellant.

*P. J. Lockwood, W. L. Penfield* and *J. Morris*, for appellee.

HOWK, J.—This was a suit by the appellee, against the appellant, for the recovery of the amount alleged to be due on four promissory notes.

The complaint contained four paragraphs, in each of which the appellee declared upon a different note. The first paragraph counted upon the appellant's individual

note for $200, dated September 28th, 1868, and payable one year after date to J. H. Gibson, or bearer, with interest, at the First National Bank of Kendallville, and alleged to have been endorsed by said Gibson to the appellee before its maturity. In each of the other paragraphs of the complaint, the appellee declared upon a note, purporting on its face to be the joint and several note of one Solomon B. Mottinger and the appellant, for the sum of $333.33, dated September 29th, 1868, payable to J. H. Gibson, or bearer, and endorsed by him before maturity to the appellee. The notes described in the second and third paragraphs of the complaint were both payable one year after date, and the note sued upon, in the fourth paragraph, was payable eighteen months after date.

The appellant answered in several paragraphs; but, in so far as any question before this court is concerned, the fifth and sixth paragraphs of the answer are all that need be noticed in this opinion. The fifth paragraph of the answer was addressed to the last three paragraphs of the complaint, and the notes sued on therein. In said fifth paragraph of answer, the appellant admitted the execution of said notes, but he averred that they were executed by said Solomon B. Mottinger, as principal, and by the appellant as his surety, and not otherwise; that on the 5th day of January, 1873, the appellant as such surety served upon the appellee a notice in writing to institute forthwith an action on said notes, which were all then due and the appellee's property; that, notwithstanding such notice, the appellee had instituted no suit on said notes, until he commenced this suit on the 17th day of February, 1876; and that during all said time, from said 5th day of January, 1873, the appellee, the appellant and said principal debtor, Mottinger, had all resided in said DeKalb county, Indiana. Wherefore he said that the appellee ought not to maintain this action against him.

In the sixth paragraph of his answer, which was addressed to the first paragraph of the complaint, the appellant admitted the execution and non-payment of the note sued on therein; but he said, that, after its execution and delivery, the said note was, by the holder thereof, without the knowledge or consent of the appellant, materially altered in this: that the words, "*payable at the First National Bank of Kendallville,*" were written in said note. Wherefore the appellant said that, as it then was, the said note was a forgery and ought not to be in circulation against him, and he asked that the appellee might be required to surrender the same for cancellation.

This paragraph of his answer was duly verified by the oath of the appellant.

To these paragraphs of answer, the appellee replied by a general denial; and to the sixth paragraph he also filed a special reply, which we need not further notice.

The issues joined were tried by the court, upon an agreed statement of facts; and a finding was made for the appellee, upon the note described in the first paragraph of his complaint, in the sum of $308.35, and upon the notes sued upon in the second, third and fourth paragraphs of his complaint, in the further sum of $1,542.24. The appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment upon and in accordance with its finding.

A number of errors have been assigned by the appellant, on the record of this cause; but it seems to us, that the only one properly assigned is the fifth and last, namely, that the court erred in overruling his motion for a new trial. In this motion, among other causes assigned for a new trial, was the following: "The decision of the court is not sustained by sufficient evidence, and is contrary to law."

The only evidence on the trial of the cause was what is called the agreed statement of facts, and it was made a part

of the record by a proper bill of exceptions.    It will be seen from our statement of this case, that two distinct issues were therein presented for trial.   Of these, one had reference only to the first paragraph of the complaint, and the note sued on therein; and the question thereby presented for the decision of this court is this, was the appellant discharged or released from liability on said note, by reason of its alteration?

The second issue for trial was joined on the fifth paragraph of the answer, and related exclusively to the second, third and fourth paragraphs of the complaint, and the notes sued on therein, and the question presented thereby, for our decision, may be thus stated: Was the appellant, as surety on said notes, discharged from all liability thereon, by reason of the matters stated in the fifth paragraph of his answer?

These two questions we will consider and decide in the same order in which we have stated them; and, in considering each question, we will give the facts in relation thereto, from the agreed statement of facts.

1.   Was the appellant released and discharged from liability on the note described in the first paragraph of the complaint, by reason of its alteration?

We set out the facts agreed upon, in relation to said note, as the same appear in the record, as follows:

" And it is further agreed, that the note described in the first paragraph of complaint, which is in the words and figures following:

"' $200.               WATERLOO, Sept. 28th, 1868.

"' One year after date, I promise to pay to J. H. Gibson, or bearer, two hundred dollars and —— cents, with interest, payable at the First National Bank of Kendallville, for value received, without any relief whatever from valuation or appraisement laws.

(Signed,)          "' ABRAHAM McCOY.'

" Was executed by the defendant, as principal, to the payee, Gibson, and was purchased by plaintiff of said payee, Gibson, before due, for a valuable consideration and without any notice whatever of any defences thereto; but that, after its execution and before its transfer to plaintiff, it was by said payee, Gibson, altered by writing in a blank space in said note the words, '*payable at the First National Bank of Kendallville;*' that said alteration was made without the knowledge or consent of defendant; that the same was due and unpaid, and now amounts to $304.    It is further agreed, that, when plaintiff purchased said note, he had no notice of any alteration having been made therein. And it is agreed, that said note may be attached hereto and made a part hereof, in any bill of exceptions, which may be prepared in this case."

It will be seen from the foregoing agreed facts, that a material alteration was made in the note in suit, in the first paragraph of the complaint, after its execution and delivery to the payee named therein, without the knowledge or consent of the appellant, the maker of such note; and that this alteration was made by such payee, before he sold and transferred the note to the appellee, who, at that time, had no notice of any alteration having been made therein.    It can not be doubted, that the alteration of the note was a material alteration; for it completely changed the character and qualities of the note.    As it was before the alteration, the note was governed by the statute of this State, and any assignee thereof would have taken it subject to all existing equities between its maker and payee; but after its alteration, if authorized by the maker, the note, having been made payable at a bank in this State, became negotiable as an inland bill of exchange, and was governed by the law merchant, and the endorsee thereof before maturity, in good faith and without notice, would have taken and held the same freed from all equities and de-

fences existing between the maker and payee of such note. *Murphy* v. *Lucas*, 58 Ind. 360; *Bremmerman* v. *Jennings*, 61 Ind. 334; and *Maxwell* v. *Morehurt*, 66 Ind. 301.

Under the facts agreed upon in this case, we are of the opinion, that the alteration of the note described in the first paragraph of the complaint, even though the appellee had no notice of such alteration at the time of its transfer to him, avoided the note and released the appellant from any liability thereon. *Holland* v. *Hatch*, 11 Ind. 497; *Schnewind* v. *Hacket*, 54 Ind. 248; *Collier* v. *Waugh*, 64 Ind. 456. This is clearly so, unless it can be said that the alteration of the note was authorized by the appellant. It is certain that the appellant did not, in express terms, authorize the alteration of the note; for one of the agreed facts upon which the cause was tried was, that such alteration of the note was made without the appellant's knowledge or consent. If the appellant did not know of or consent to such alteration, it can not be said that it was made by his express authority.

But it is claimed by appellee's counsel, as we understand his argument, that because the appellant left a blank space in the note, without an erasure thereof of any kind, he was guilty of laches; and the note having been altered by merely filling such blank space, and the appellee having purchased the same before its maturity, and without notice of such alteration, it would not avoid the note against the appellee, and he might recover thereon from the appellant to the same extent as if the latter had expressly authorized such alteration. If the blank space left in said note had been filled with any matter relating to the object for which it is apparent that such blank space was left therein, then it would seem to us, under the agreed facts of this case, that there was much force in the position and argument of appellee's counsel. We are clearly of the opinion, however, that the blank space left in said note by the appellant, at

the time of its delivery to the payee thereof, was filled with matter entirely foreign to the object and purpose for which such blank space had manifestly been left therein, when it was filled with the words, "*payable at the First National Bank of Kendallville.*" By the agreement of the parties, the original note was made part of the record, and is now before us. It is evident therefrom, that in preparing said note the parties used the ordinary printed blank form of a common note, not payable at a bank. Immediately following the words therein, " with interest," and without any intervening punctuation mark, was the blank space which was left blank by the appellant at the time of his execution and delivery of the note to the payee, and which was afterward filled with the words, "*payable at the First National Bank of Kendallville,*" without the appellant's knowledge or consent.

It is very clear, we think, that the blank space, thus left in the printed form of such note, was so left for the purpose of inserting therein the contract or agreement, if any, in relation to interest on the note, and for no other purpose. In this respect, the case at bar differs materially from the recent case of *Marshall* v. *Drescher*, 68 Ind. 359; for in that case the blank space left in the note immediately followed the printed words therein, "*payable at,*" which clearly indicated that the blank space was to be filled, if filled at all, with the place of payment. In addition to this, the court below had found, in the case cited, that the maker of the note had directed the payee thereof to leave it for payment at the particular bank, the name of which the payee had subsequently inserted in said blank space in said note, without the knowledge or consent of the maker thereof. Upon these facts, it was held by this court, in that case, that " the payee had implied authority, from the condition of the note, and from the statement of the maker to leave it " at the particular bank "for payment, to fill up the

blank in the note, as he did," with the name of such bank.

In the case now before us, the blank space left in the note did not indicate that it was to be filled with a place for its payment, nor do the facts agreed show that the appellant had directed the payee of the note to leave it at any particular place for payment. We are of the opinion, therefore, that the payee of the note now under consideration had no implied authority from the appellant to make such alteration in said note; and that, by reason of said alteration, the said note was avoided, and the appellant was released from all liability thereon, even though the appellee had no notice of the alteration and had purchased the note before its maturity. Upon the note in question, the finding of the court ought to have been for the appellant.

2.  The second question in this case for the decision of this court is this: Was the appellant, as surety on the notes sued on in the second, third and fourth paragraphs of the complaint, discharged from all liability thereon, by reason of the matters stated in the fifth paragraph of his answer?

Upon this question, the parties to the record agreed upon the following facts:

"It is agreed in the above entitled cause, that the notes described in the second, third and fourth paragraphs of plaintiff's complaint, which are in words and figures:" (Setting out copies of the three notes, as described in this opinion;) Were executed at their date by Solomon B. Mottinger, as principal, and defendant, McCoy, as surety; that plaintiff, Lockwood, purchased the same of the payee, J. H. Gibson, before due and for a valuable consideration, without any notice whatever of any defences thereto; that he thus took them in good faith and without any knowledge of McCoy's suretyship; that, after he thus purchased the same and before their maturity, he was informed by said defendant that he was only surety on said notes; that on

the 5th day of January, 1873, and after the maturity of all of said notes, defendant left at plaintiff's residence a notice in writing, as averred in defendant's fifth paragraph of answer, said notice being in words and figures following, to wit:

" ' To Alonzo Lockwood.—You are hereby notified and required forthwith to institute an action upon the three notes made by S. B. Mottinger, and signed by me as his surety, to one J. H. Gibson, and which are now held by you, and which notes amount in the aggregate to about one thousand dollars.    January 4th, 1873.

(Signed,)        " ' A. McCoy.'

"That plaintiff was, when said notice was thus left, temporarily absent from home, and that defendant gave the same to plaintiff's wife and requested her to give it to plaintiff; that a few days thereafter defendant met plaintiff and informed him of the leaving of said notice, and of its contents and purport, but that plaintiff did not read said notice, nor did defendant place in plaintiff's hands a copy of the same, nor did he read the same to plaintiff; that plaintiff, defendant and said Mottinger all resided in DeKalb county, Indiana, when said notes were given, and have ever since resided in said county, and have not during said time been under any legal disabilities; and that no suit was ever instituted on said notes until this suit was commenced on the 17th day of February, 1876; and that said notes are all due and unpaid, and amount, at this date, to fifteen hundred and twenty dollars and fifty cents."

In section 672 of the code, it is provided that " Any person bound as surety upon any contract in writing for the payment of money, or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract;" and, in section 673. of the code, it is further provided, that " If the creditor or obligee shall

not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon." 2 R. S. 1876, pp. 276 and 277.

It will be seen from the agreed statement of facts, in this case, that the appellant's notice to the appellee followed the language of the statute, and, therefore, it was sufficient. The important and controlling question in the case is this, was the notice in writing, "forthwith to institute an action" upon the three notes sued upon in the second, third and fourth paragraphs of the complaint in this suit, legally served upon the appellee, under the requirements of the statute?

It will be observed, that in the sections, above quoted, of the practice act, no particular mode of service of the notice in writing, mentioned therein, is prescribed or required. The surety upon a written contract, when a right of action has accrued thereon, " may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract." But how shall such notice in writing be served upon the creditor or obligee? In section 792 of the code, it is provided that, " In all cases where notice is required by this act, it must be in writing, and may be served by the proper officer or any other person." 2 R. S. 1876, p. 312. The service of the written notice by the appellant, in this case, was therefore legal service. In section 292 of the code, it is provided that " The proof of the service of * * * any notice required to be served upon any party, shall be as follows : * * *
*Fourth.* The written admission of the defendant. The * * admission must state the time and place of service." 2 R. S. 1876, p. 154. It is clear, we think, that the word *defendant*, where it occurs in the *fourth* clause of said section 292, ought to be *party*, for the body of the section relates to the proof of service of notices " upon any

party," and it can not be doubted that the Legislature intended to provide that the written admission of service by any party should be proof of service as to such party.

In the agreed statement of facts, upon which this cause was tried below, is the appellee's written admission, that the appellant left at the appellee's residence, on the 5th day of January, 1873, in the hands of his wife, during his temporary absence from his home, a notice in writing forthwith to institute an action upon the said three notes, and requested his wife to deliver such notice to the appellee, and that in a few days afterward the appellant informed the appellee of his leaving such notice and of its contents and purport.   We are of the opinion, that this was a legal and valid service upon the appellee of the notice in writing referred to ; and that, as it does not appear that he objected at the time, either to the sufficiency of the notice, or to the manner of its service, he must be taken to have waived any objection to such notice on either ground.   It does not appear from the agreed statement of facts, that the notice in writing was not promptly delivered to the appellee by his wife, as requested by the appellant ; and, if the appellee did not read said notice, it would seem to have been his own fault, and surely he can not set up his own laches as an excuse for his failure to comply with the requirements of the notice in writing.

It appears from the record of this cause, that the appellee did not commence an action on the said three notes, until more than three years had elapsed from the service of such written notice ; and, therefore, it is clear that such action was not commenced within a reasonable time.   *Root* v. *Dill*, 38 Ind. 169.   In such a case, the statute provides that the surety shall be discharged from all liability on the notes. Our conclusion is, therefore, that, upon the issues joined on the second, third and fourth paragraphs of the complaint, the finding of the court ought to have been for the appellant, the defendant below.

McCoy v. Lockwood.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to find for the appellant, the defendant below, upon the agreed statement of facts, and to render judgment accordingly.

ON PETITION FOR A REHEARING.

HOWK, J.—Since the opinion was filed in this cause, reversing the judgment of the trial court, the appellee has filed an earnest petition for a rehearing. The questions arising under this petition, and, indeed, the entire merits of the cause, have been ably and exhaustively argued, before the court as now constituted, by the learned counsel of the respective parties, both orally and in written and printed briefs. It is due to counsel, and, perhaps, to ourselves, that we assign the reasons as briefly as we can, which have led us to the conclusion that a rehearing of the cause ought not to be granted.

The case is fully stated in the original opinion, and no repetition is necessary to a clear presentation of the grounds upon which the appellee has asked for a rehearing. By the record of this cause and the appellant's assignment of errors thereon, two questions were fairly presented for the decision of this court, which may be thus stated:

1. Was the appellant discharged or released from liability on the note in suit in the first paragraph of the complaint, by reason of the alteration of the note without his knowledge or consent?

2. Was the appellant, as surety upon the notes in suit in the other three paragraphs of the complaint, discharged from all liability thereon, by reason of the matters stated in the fifth paragraph of his answer?

These two questions were carefully considered by the court, in the original opinion, and, upon the agreed facts in relation thereto, as contained in the record, each of them

was decided adversely to the appellee and in favor of the appellant.

1.   In regard to the first question, the decision of this court is not attacked, by the appellee's counsel, with much zeal or apparent confidence.   One of the briefs, in support of the petition, contains this candid admission : " As to the first point decided, the writer of this did not feel the utmost confidence in the objection urged, nor does he now feel entirely assured that it is erroneous."   We are entirely content with the point decided, and can add nothing to what was said in the original opinion, in our consideration of the first question above stated.   The agreed facts showed very clearly, we think, that the alteration of the note was material, and that it was made without the knowledge or consent of the appellant, and without his authority express or implied.   Such alteration vitiated and avoided the note, and discharged and released the appellant, as the maker thereof, from all liability thereon.   This conclusion is in harmony with repeated decisions of this court.

2.   As to the second question, the appellee's counsel very earnestly insist that this court erred in its decision, for the following reasons :

1.   The statute does not apply to the notes in suit in the last three paragraphs of complaint ;

2.   The notice by appellant to appellee, to sue, etc., was not sufficient ;

3.   The service of such notice was not such as the law requires ;

4.   The proof of such service was insufficient ; and,

5.   The fifth paragraph of answer was bad, and therefore the judgment ought not to have been reversed.

All of these reasons, except the first and fifth, were examined and considered by the court in the original opinion ; and we then held, for reasons there stated, that the notice to sue, the service of such notice, and the proof of

such service were each sufficient in law. We are satisfied with the decision rendered on these three points, and we deem it unnecessary to extend this opinion in any further discussion of those questions.

In reference to the fifth reason assigned for the conclusion of counsel, that the court had erred in its decision, it is enough to say that the sufficiency of the fifth paragraph of answer was not called in question by any assignment of error or cross error in this court. We may add, however, that we think the fifth paragraph of answer was probably sufficient to withstand the demurrer thereto for the want of facts; but the question is not properly before this court, and we need not decide it.

The first reason assigned above is, that the statute of this State, providing the remedies of sureties in written contracts for the payment of money or the performance of any act, is not applicable to the notes in suit in the last three paragraphs of the complaint. These notes were the joint and several notes of one Solomon B. Mottinger and the appellant, payable at a bank in this State and negotiable as inland bills of exchange, and endorsed to the appellee before maturity, for value and without notice at the time that the appellant was the surety of Mottinger in such written contracts for the payment of money. It is claimed by the appellee's counsel, as we understand their position, that, because of the facts last stated, the appellant became liable, as a principal, to the appellee, on said notes; and that, for this reason, the appellant could not, after the maturity of the notes, avail himself of the remedial provisions of the statute, in favor of sureties, for his own protection from loss. In other words, it is claimed by counsel, that such written contracts for the payment of money, under such facts, do not come within the provisions of the statute providing remedies for sureties, and that the appellant, although in fact the surety only of Mottinger in such con-

tracts, could not, after their maturity, avail himself of those remedies, as against the appellee.

We can not adopt or approve of the position of counsel, on the point under consideration, although it is to some extent supported by authority.   The authorities, however, are in conflict upon the point, and in such a case we are at liberty to adopt the view which seems to be more nearly in consonance with the general principles of right and justice, as between the principal, the surety and the creditor. The provisions of sections 672 and 673 of the code, in relation to the remedies of sureties against their principals, as between them both and the holders of their written contracts, were intended to be a substantial re-enactment of the provisions of sections 1 and 2 of chapter 51 of the Revised Statutes of 1843, p. 954, on the same subject-matter.   In said section 1 of the revision of 1843, it was provided, that "When any person bound as surety by bond, bill, note, or otherwise, for the payment of money," etc., should apprehend, etc., it should be lawful for the surety, if an action had accrued on any such contract, " to require, by notice in writing, the creditor or obligee forthwith to put the bond, bill, note, or other contract by which he is bound as aforesaid, in suit;" and section 2 provided, as section 673 of the code now provides, that if the creditor should not proceed, within a reasonable time, to bring his action upon the contract, and prosecute the same to judgment and execution, the surety should be discharged from all liability on the contract.   Substantially the same provisions, with the same specific mention of "bond, bill, note, or otherwise," may be found in the Revised Statutes of 1824, p. 377, and were brought forward through the revisions of 1831 and 1838, and were embodied in the revision of 1843, and have been, in substance, re-enacted as sections 672 and 673 of the code of 1852, which are now in force ; so that it may be fairly said, we think, that these provisions in regard to the

respective and relative rights of principals, sureties and creditors, have constituted a part of the law of this State for more than half a century.

From this brief review of the legislation of this State, bearing upon the point we are now considering, we are clearly of the opinion, that, whatever may be the law elsewhere, it is certainly the law of this State, and has been for more than fifty-seven years, that any person bound as surety upon any bond, bill of exchange, promissory note, whether payable at a bank in this State or generally, or any other contract in writing for the payment of money, etc., after the maturity thereof, may require, by written notice, the creditor or obligee forthwith to institute an action upon the contract; and that if such creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon. This, we think, is a fair interpretation or construction of the law now in force, in the light of the previous legislation of this State on the question now under consideration; and this conclusion is in strict accord and harmony with those principles of equity and good conscience, which should govern and control the respective and relative rights of the principal, the surety and the creditor or obligee, in any written contract for the payment of money or the performance of any act, under the provisions of the code.

The petition for a rehearing is therefore overruled, at the appellee's costs.