No. 7340.

## Koons v. Davis et al.

ESTOPPEL.—*Promissory Note.—Alteration.*—To a suit by an assignee of a promissory note, one of the makers pleaded a material alteration of the note by erasure after its execution. Reply, that when the plaintiff was about to purchase the note he so informed the defendant, giving him a general description of the note (which, however, would not indicate the erasure), and was then informed by the defendant that he had no defence. The reply did not show that the defendant had knowledge of the erasure, nor that it had been made before the assignment. *Held*, that the reply was bad.

From the Carroll Circuit Court.

*D. P. Baldwin* and *D. D. Dykeman*, for appellant.

*R. Magee* and *J. Applegate*, for appellees.

WORDEN, J.—This was an action by John Davis as the endorsee of D. C. Buchanan, against Aaron M. Flory, Williamson Wright and John M. Koons, on the following promissory note, viz. :

"LOGANSPORT, Ind., Nov. 20, 1876.

"Four months after date we promise to pay to D. C. Buchanan, at The People's Bank, seven hundred and ninety-four $\frac{70}{100}$ dollars, with interest at the rate of ten per cent. per annum, and attorney's fee, value received, without any relief from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

"$794$\frac{70}{100}$.        (Signed,)        A. M. FLORY,

"JOHN M. KOONS,

"W'MSON WRIGHT."

Such proceedings were had as that final judgment was rendered for the plaintiff against the defendants.

Koons filed a fifth paragraph of answer, duly verified, alleging " that after said note was executed and delivered to said Buchanan, said note, without his knowledge or consent, was altered by the erasure of the following words : ' If suit be instituted on this note,' then and thereby making the maker and this defendant, as one of his sureties, liable for attorney's fees, which before that they were not liable to pay ; wherefore," etc.

There is enough stated in the above paragraph of answer to justify the inference that the erased words followed the words "and attorney's fee." The erasure would change the legal effect of the note, because, as originally drawn, with the words " and attorney's fee if suit be instituted on this note," it would be void as to attorney's fees, the condition being expressed in the note ; whereas, the words being erased, the promise to pay attorney's fees being absolute, unless a condition be implied, it would be good. This is in accordance with the act of March 10th, 1875. 1 R. S. 1876, p. 149 ; Churchman v. Martin, 54 Ind. 380.

To the paragraph of answer above noticed, the plaintiff replied as follows :

" 2d. For a further reply to the fifth paragraph of answer he says, that before he purchased said note, and after the payee thereof had offered it to him for sale, he had a conversation with said Koons in reference to his proposed purchase of the same, in which conversation he informed said Koons that said note had been offered to him for sale, and he was about to buy it, and he asked said Koons if it was all right, and if there were any defences to the same ; and at the same time the plaintiff gave said Koons the date of said note, its amount, the rate of interest and attorney's fees, to all of which said Koons said he had no defence ; and the plaintiff says that he relied upon said representations of said Koons, and purchased said note, which he would not have done had not such representations been made. Wherefore," etc.

Koons demurred to the foregoing paragraph of reply, and assigned for cause, "That said paragraph does not state facts sufficient to constitute a good and sufficient reply to the answer of the defendant." The demurrer was overruled, and Koons excepted. Error is assigned upon this ruling.

We are of opinion that the reply was insufficient, and that the demurrer should have been sustained.

Objection is made to the form of the assignment of the ground of demurrer; but that seems to us to have been sufficient.

The reply, for the purpose of that pleading, admits the alteration of the note after its delivery, and the presumption is that the alteration was made by the party claiming under it, or by one under whom he claims, until the contrary is shown. Cochran &. Nebeker, 48 Ind. 459. See, also, Byles Bills, Sharswood ed., top page 492.

The replication is radically defective, in that it does not show that the alteration of the note was made before the plaintiff purchased it and took the endorsement to himself. It may, for aught that appears, have been made afterwards; and, if so, it needs no argument to show that the defendant is not estopped to set up the alteration, by anything alleged in the reply. But if we assume that the alteration was made before the note was purchased by the plaintiff, the reply is equally defective in not showing that at the time of the alleged conversation between the plaintiff and Koons, the latter had notice of the alteration. We think it quite clear, on principle as well as authority, that Koons can not be estopped to set up the alteration by anything alleged in the reply, unless, at the time of the conversation alluded to, he had notice of the alteration. Fletcher v. Holmes, 25 Ind. 458; Greensburgh, etc., Turnpike Co. v. Sidener, 40 Ind. 424; Long v. Anderson, 62 Ind. 537; Marion, etc., Gravel Road Co. v. McClure, 66 Ind. 468. See also Bigelow Estoppel, 2d ed., pp. 437, 461, 470.

The maker of a note, when applied to by a person proposing to purchase it, may well be supposed to know whether

he has any existing defence arising out of the original transaction, or by way of set-off, and therefore be estopped to set up such defence, if he represent to the party proposing to purchase that he has no defence, or make any equivalent statement, in the faith of which the purchase is made. In the case of *Cloud* v. *Whiting*, 38 Ala. 57, it was held that, "Where the maker of a note is inquired of by one wishing to purchase it, whether he has any defence against it, and answers that he has none, this estops him from afterwards setting up any defence which existed at the time, within his knowledge, but he does not thereby preclude himself from making a defence subsequently arising out of the original contract; such, for example, as a total failure of the consideration."

In the case before us, Koons can not be presumed to have known that the note had been altered when the conversation between him and the plaintiff occurred. The reply alleges, to be sure, that the plaintiff gave him the date of the note, its amount, the rate of interest and attorney's fees; but all this gave him no intimation that the note had been altered.

The judgment below is reversed with costs, and the cause remanded for further proceedings, in accordance with this opinion.

Opinion filed at the November term, 1880.

Petition for a rehearing overruled at the November term, 1882.