No. 8760.

### BOWMAN ET AL. *v.* MITCHELL.

PROMISSORY NOTE.—*Alteration.*—*Answer.*—*Married Woman.*—*Mortgage.*—A verified separate answer of a married woman, that, with her husband, she executed the mortgage sued on to secure three notes; that one was paid; and that the other two, after their delivery to the payee, were unlawfully, and without her knowledge or consent, fraudulently altered by inserting in the body thereof " at ten per cent. interest," is good on demurrer.

SAME.—Whatever discharges a note discharges a mortgage securing it.

SAME.—*Material Alteration.*—A material alteration of a note or other written instrument, by one who claims the benefit of it, made without the consent of the party against whom it is to be enforced, renders it void ; and inserting in a note a higher rate of interest than it provides for is a material alteration.

SAME.—*Presumption.*—The presumption is that a material alteration, made after the execution of a note or other written instrument, was made by the party claiming under it, or by one under whom he claims.

From the Henry Circuit Court.

*J. Brown* and *D. W. Chambers,* for appellants.

BICKNELL, C. C.—The appellants Bowman and wife mortgaged land to the appellant Snodgrass, to secure three notes given by Bowman to Snodgrass.　One of the notes was paid.

Afterward, Snodgrass, by delivery merely, assigned said mortgage and the other two notes to the appellee, who brought this suit thereupon against Bowman and wife, making Snodgrass a defendant as assignor, and Amos Heston and wife defendants, as claiming some interest in the land.

The appellant Mary Bowman answered separately, that she executed the mortgage to secure said notes, and that one of them was paid, and that the other two, after the delivery thereof to the payee, were unlawfully, and without her knowledge or consent, fraudulently altered by inserting in the body thereof "at ten per cent. interest." This answer was duly verified.

A demurrer by the appellee to this answer was sustained, and judgment was rendered upon the demurrer.

The cause was tried by the court upon the issues joined, as to the appellant Edward Bowman. Snodgrass and Heston and wife were defaulted; judgment of foreclosure was rendered against all the defendants, and they joined in this appeal.

A mortgage given to secure a void note can not be enforced. Whatever discharges a note discharges a mortgage which secures it. *Sherman* v. *Sherman,* 3 Ind. 337.

A material alteration of a written instrument, by one who claims the benefit of it, made without the consent of the party against whom it is to be enforced, renders it void. *Bowser* v. *Rendell,* 31 Ind. 128; *Bowers' Adm'r* v. *Briggs,* 20 Ind. 139; *Holland* v. *Hatch,* 11 Ind. 497; *Coburn* v. *Webb,* 56 Ind. 96; *Schnewind* v. *Hacket,* 54 Ind. 248; *Franklin L. Ins. Co.* v. *Courtney,* 60 Ind. 134; *Collier* v. *Waugh,* 64 Ind. 456; *McCoy* v. *Lockwood,* 71 Ind. 319; *Dietz* v. *Harder,* 72 Ind. 208.

When an instrument is altered after its execution, it will be presumed, until the contrary is shown, that the alteration was made by the party claiming under it, or by one under whom he claims, and it is not necessary, in an answer stating that an instrument sued on has been altered, to allege that it was altered by the party claiming under it, or by one under whom he claims. *Cochran* v. *Nebeker,* 48 Ind. 459.

Inserting in a note a higher rate of interest than it provides for is a material alteration. *Shanks* v. *Albert,* 47 Ind. 461.

The foregoing authorities show that the alteration of the notes alleged in the separate answer of the appellant Mary Bowman, avoided the notes and made the mortgage unavail-

able as against her husband, Edward Bowman, and therefore unavailable against his wife.

The court erred in sustaining the demurrer to the separate answer of Mary Bowman. The judgment ought to be reversed as to the said Mary Bowman and affirmed as to the other defendants, and the cause remanded, with instructions to overrule the demurrer to said separate answer.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, as to the said Mary Bowman, and affirmed as to the other defendants, at the costs of the appellee, and this cause is remanded, with instructions to overrule the demurrer to the separate answer of said Mary Bowman, and for further proceedings as to her.