Palmer *v.* Poor.

No. 13,968.

## PALMER *v.* POOR.

PROMISSORY NOTE.—*Addition of Interest Clause.*—*Material Alteration.*—The alteration of a promissory note after its signing, without the knowledge or consent of the maker, by inserting the figure "8" before the words "per cent. interest," is a material alteration, and will vitiate the note in the hands of the payee.

SAME.—*Pleading.—Answer.—Allegation of Alteration. — Endorsee's Reply.— What Must Show.*—An answer alleging such an alteration, makes a *prima facie* case, and an endorsee to defeat it must show that there was negligence on the part of the maker of the note, that the note was acquired for value without notice of any fraud, and before maturity.

SAME.—*Signature of Maker.—Fraud and Violence.—Delivery.*—Where an old, infirm and ignorant person was induced by means of a fraudulent conspiracy, and threatened violence, to sign a promissory note, which, immediately after being signed, was snatched up and carried away against his will, there was no delivery of the note. Delivery is a part of the execution of a promissory note, and until delivered it is destitute of force.

SAME.—*Plea of Non est Factum.— What can be Proved under.*—Under the plea of *non est factum,* it was competent to prove that the note was altered after it had been signed, as well as that it was not delivered. This plea stands unaffected by the other answers, and statements in the other answers can not be made use of as conclusive admissions.

CHANGE OF VENUE.—*From Judge.—Affidavit.*—An affidavit for a change of judge which avers that the plaintiff "believes that he can not have a a fair and impartial trial before the regular judge of this court," is not a compliance with the statutory requirements regulating such a change. *Stevens* v. *Burr,* 61 Ind. 464, criticised.

From the Madison Circuit Court.

*W. S. Diven,* for appellant.

*W. A. Kittinger* and *L. M. Schwinn,* for appellee.

ELLIOTT, C. J.—The appellant's complaint is founded on a promissory note which it is alleged was executed by the appellee to A. J. Selby, by Selby endorsed to Theodore Fields, and by the latter to the appellant before maturity and for value. The note is negotiable by the law merchant.

The third paragraph of the appellee's answer admits that he signed the note, but avers that after it was signed it was altered without his knowledge or consent by inserting the figure " 8 " before the words " per cent. interest," thus making it bear interest at the rate of 8 per cent. per annum, whereas as it was written, when signed, it did not bear interest.

The alteration in the note was a material one, and would undoubtedly vitiate the note had it remained in the hands of the payee. " It is a material alteration," says Mr. Randolph, " to add an interest clause, even without any fraud on the holder's part." 3 Randolph Com. Paper, section 1756. This conclusion is fully sustained by the decided cases. *Hert* v. *Oehler,* 80 Ind. 83 ; *Bowman* v. *Mitchell,* 79 Ind. 84, and cases cited ; *Schnewind* v. *Hacket,* 54 Ind. 248 ; *Shanks* v. *Albert,* 47 Ind. 461 ; *Boustead* v. *Cuyler,* 116 Pa. St. 551 ; 1 Am. and Eng. Encyc. of Law, 510.

The ruling question, therefore, is whether the material alteration will avoid the note in the hands of the appellant. Our opinion is that, upon the facts stated in the answer, it does vitiate the note in his hands. The rule sanctioned by our cases is thus stated in *Bowman* v. *Mitchell, supra :* " Where an instrument is altered after its execution, it will be presumed, until the contrary is shown, that the alteration was made by the party claiming under it, or by some one under whom he claims, and it is not necessary, in an answer stating that an instrument sued on has been altered, to allege that it was altered by the party claiming ˆunder it, or by one under whom he claims." *Cochran* v. *Nebeker,* 48 Ind. 459 ; *Noll* v. *Smith,* 64 Ind. 511 ; *Eckert* v. *Louis,* 84 Ind. 99 ; *Koons* v. *Davis,* 84 Ind. 387. The answer made a *prima facie* case which the appellant could only defeat by showing that there was negligence on the part of the maker of the note, that the note was acquired for value without notice of any fraud and before maturity. *Giberson* v. *Jolley,* 120 Ind. 301 ; *Koons* v. *Davis, supra.* In the case of *Mar-*

*shall* v. *Drescher*, 68 Ind. 359, the circumstances were such as to create the implication that the holder of the note had authority to fill the blank left in the instrument, and it was upon this ground that the note there under consideration was held valid. The case of *McCoy* v. *Lockwood*, 71 Ind. 319, asserts the doctrine that a material alteration will avoid a note even in the hands of a *bona fide* endorsee, refers to the cases of *Holland* v. *Hatch*, 11 Ind. 497, *Schnewind* v. *Hacket*, *supra*, and *Collier* v. *Waugh*, 64 Ind. 456, with approval, and denies that a note in the hands of a *bona fide* holder is enforceable where it was altered by writing in it a place of payment. The decision in that case is, therefore, strongly against the appellant.

The fourth paragraph of the answer contains much useless verbiage, but there are enough material facts stated to constitute a defence. Rejecting the useless matter and summarizing its material allegations, its substance is this : The defendant was old, infirm and ignorant ; the payee of the note and the indorsees fraudulently conspired to cheat and defraud him ; to effect their fraudulent purpose they falsely represented to him that they were introducing paints for the New York Roofing Company ; that they would send to him ten gallons of the paint free of charge ; they asked him to furnish his address ; he complied, and wrote it on a postal card ; afterwards two persons, in the service of the conspirators, came to him, and one of them represented that he was an attorney at law ; they presented the postal card, upon which was written an order for one hundred gallons of paint, ten gallons to be free of charge and ninety gallons to be paid for at $2.25 per gallon. This order was written above the defendant's signature, and was there written without his knowledge. The agents presented the card, stated to the defendant that unless he signed a note they would do violence to him, and would at once sue him in the United States Court, compel him to pay a large amount of costs and sell his farm. Clark, one of the agents who represented the confederates,

pretended to draw a weapon from his pocket, while the man with him stood guard at the front door of the defendant's house, and demanded that the defendant should sign the note. The defendant was then at his house on his farm, no one with him but his wife, and she, as the defendant himself, was old, feeble and ill. The defendant, through fear of violence, signed his name to the note, as he was ordered to do. As soon as it was signed Clark snatched it up and, against the will of the defendant, carried it away. The defendant demanded the return of the note, but Clark hurried from the house with it. No paint was ever delivered to the defendant, and he never received anything of value from the payee of the note or his confederates.

The answer shows a fraudulent conspiracy, and shows, also, that by a cunningly devised scheme the confederates secured the defendant's signature to the note, and it is therefore unquestionably sufficient, irrespective of the allegations of force and violence. It would be good even if it did not show that the appellant was a conspirator, participating in the fraud, for it is well settled by our decisions, that, where a note is obtained by fraud, the holder can not recover upon it unless he shows that he bought it before maturity without notice, and that he paid value for it. Giberson v. Jolley, supra; New v. Walker, 108 Ind. 365; Eichelberger v. Old Nat'l Bank, 103 Ind. 401; Scotten v. Randolph, 96 Ind. 581; Mitchell v. Tomlinson, 91 Ind. 167; Coffing v. Hardy, 86 Ind. 369; Baldwin v. Barrows, 86 Ind. 351; Baldwin v. Fagan, 83 Ind. 447; Zook v. Simonson, 72 Ind. 83; Harbison v. State Bank, 28 Ind. 133 (92 Am. Dec. 308); Smith v. Popular, etc., Ass'n, 93 Pa. St. 19; Munroe v. Cooper, 5 Pick. 412.

The answer contains one paragraph, duly verified, denying the execution of the note, and, under this paragraph, it was competent to prove that the note was altered after it had been signed as well as that it was not delivered. The evidence that there was a material alteration of the note is strong and

satisfactory, but so is the evidence that the appellant bought for value, before maturity and without notice of any fraud. Waiving a decision of the question as to whether the appellee was entitled to succeed upon the ground that the note was materially altered (although our inclination is with him on that question), we put our decision upon the ground that the evidence satisfactorily shows that the note was not delivered, and for that reason we sustain the judgment. Delivery is part of the execution of a promissory note, and until delivered it is destitute of force. 1 Daniel Negotiable Inst., section 63 ; *Mahon* v. *Sawyer*, 18 Ind. 73 ; *Prather* v. *Zulauf*, 38 Ind. 155 ; *Cline* v. *Guthrie*, 42 Ind. 227 ; *Pickering* v. *Cording*, 92 Ind. 306. It can not be justly said that the appellee was guilty of negligence in suffering the payee to get possession of the note, for the evidence makes quite a strong case in appellee's favor—much stronger than the case of *Cline* v. *Guthrie, supra.*

The verified plea of *non est factum* stands as a complete defence, unaffected by the other answers, and the appellant can not avail himself of the statements in other answers as conclusive admissions. A denial is not neutralized by affirmative pleas.

We do not find it necessary to approve or condemn the decision in *Stevens* v. *Burr*, 61 Ind. 464, but we think it proper to say that some of the expressions there used are broader than the facts required, and that these expressions can not be regarded as authoritative. We are clear that the affidavit for a change of judge was not such as the statute requires, inasmuch as it does not state any one of the causes enumerated, but merely avers that the plaintiff " believes that he can not have a fair and impartial trial before the regular judge of this court."

Judgment affirmed.

Filed Nov. 23, 1889.