RUSSELL STONE *vs.* RODOLPHUS WHITE & others.

A declaration on a promissory note against one who had no share in the consideration for which it was given, and signed as surety some time after its execution and delivery by the maker, must aver the consideration of the defendant's signing.

A declaration, averring the existence of two considerations for a simple contract, is not sustained by proof of one; and the variance is not cured by verdict.

A declaration alleging two considerations for a contract may be amended in this court, after a verdict taken in the court of common pleas on proof of one only, and exceptions on that ground, by striking out the consideration not proved, the plaintiff taking no costs since the trial.

The signing by a third party as surety of a note payable on demand, some months after its execution by the original promisor and delivery to the payee, and for a new consideration, is a new and independent contract, not requiring the consent of the original promisor.

ACTION OF CONTRACT on two promissory notes payable on demand, signed by Rodolphus White and Philos Stratton, partners, as makers, and " Newell Snow, surety."

The plaintiff originally declared against all the defendants as makers of the notes, which were expressed to be " for value received," and copies of which were annexed. Snow answered that he signed them as surety only, long after they were made and delivered, and without consideration ; and the other defendants relied on such signing by Snow as a material alteration.

The plaintiff then, by leave of court, filed four additional counts, the first and third of which alleged that White and Stratton made one of the notes, (a copy of which was annexed,) and that Snow " subsequently, for a valuable consideration, and with the assent and by the request of the said White and Stratton, signed the same, thereby promising and becoming liable to pay the amount thereof according to the terms thereof ; " and the second and fourth of which, after alleging the making of the notes by White and Stratton, averred that, " a long time after, to wit, six months after said note was due, Snow, for a valuable consideration, to wit, in consideration that the plaintiff would and did agree to give time on said note to said White and Stratton, the original promisors, and not at once take steps to collect the same, and also in consideration that said White and

Stratton would and did put funds and securities into the hands of said Snow, to indemnify him for signing said note, and for other valuable considerations, signed said note; and said White and Stratton consented thereto, and requested said Snow so to do ; and the plaintiff fulfilled his said agreement, and did give time on said note, and did not at once take steps to collect the same, but forbore to sue said note, or take any steps for the recovery thereof for a long space of time, to wit, for one year ; and the said Snow by his said signing became liable and promised to pay to the plaintiff the amount of said note, according to the terms thereof."

White and Stratton made no defence ; but Snow answered, denying that there was any consideration for the notes ; that he signed them at the request of White and Stratton ; that the plaintiff agreed to give time to White and Stratton ; or that they ever put any funds or securities into his hands for his indemnity.

At the trial in the court of common pleas in Franklin, before *Briggs,* J., it was proved that White and Stratton were the original makers of the notes in suit, and that Snow signed the notes as surety some months after their execution by the makers and delivery to the plaintiff. The only consideration for the signing of the notes by Snow, of which any evidence was offered, or on which the plaintiff claimed to recover, was of the plaintiff's agreement to give time to White and Stratton, as alleged in the second and fourth additional counts.

The defendant requested the court to instruct the jury, that the plaintiff was bound to prove the whole consideration, as alleged in the second and fourth additional counts ; that he must prove that Snow signed the notes with the consent and at the request of White and Stratton ; that Snow's signing the notes as surety long after they were made, if done without the knowledge, request and assent of White and Stratton at the time, was such a material alteration of the notes as rendered them void, even as against Snow; that the mere fact that the plaintiff did give White and Stratton time on the notes had no tendency to prove the agreement to give time.

But the court refused; and instructed the jury, that the plain-
tiff, to entitle him to recover, must prove the allegation of an
agreement to give time to White and Stratton, and his actual
forbearance; that Snow must have signed with the consent of
White and Stratton, or one of them ; and that the consent of
one, after the dissolution of their partnership, would be suffi-
cient; " and, for the purpose of the trial, the court instructed the
jury, that although more than one consideration was alleged for
Snow's signing, it would be sufficient for the plaintiff to prove
but one of the considerations alleged." The jury returned a
verdict for the plaintiff, and Snow alleged exceptions.

This case was argued at the last term.

*W. Griswold & S. T. Field,* for the defendant. 1. The under-
taking of Snow was collateral and of the nature of a guaranty,
and must be declared on as such. *Mecorney* v. *Stanley,* 8 Cush.
85. *Union Bank* v. *Willis,* 8 Met. 504. *Benthall* v. *Judkins,* 13
Met. 265. 3 Kent Com. (6th ed.) 121. Story on Notes, §§ 467,
468. *Tenney* v. *Prince,* 4 Pick. 385. Forms annexed to *St.*
1852, *c.* 312.

2. In declaring on such a contract the consideration must be
alleged in the declaration. *Northrup* v. *Jackson,* 13 Wend. 85.
1 U. S. Dig. Assumpsit, 710, 725, 1000. 1 Chit. Pl. (6th Amer.
ed.) 321. *Hemmenway* v. *Hickes,* 4 Pick. 497.

3. The consideration must be proved as alleged, or the vari-
ance will be fatal. *Bristow* v. *Wright,* 2 Doug. 666, and 1 Smith's
Lead. Cas. 324. *Curley* v. *Dean,* 4 Conn. 256. 1 Greenl. Ev.
§§ 66, 68. 1 Chit. Pl. 327. *Weall* v. *King,* 12 East, 452. *Stone*
v. *Knowlton,* 3 Wend. 374. 3 Stark Ev. (1st Amer. ed.) 1548.
*Brackett* v. *Evans,* 1 Cush. 79. *Buddington* v. *Shearer,* 20 Pick.
477. The second and fourth additional counts each alleged two
considerations, and only one was proved. The exceptions taken
to the rulings of the court below must therefore be sustained.

4. The signature of Snow, made without the knowledge and
assent of White and Stratton, was such a material alteration of
the note as to render it void. *Gardner* v. *Walsh,* 5 El. & Bl. 83.
White alone had not authority to assent to such an alteration of
the contract so as to bind the firm. Story on Part. §§ 113, 322.

*C. Allen*, for the plaintiff. 1. The action may be maintained on the original counts, with proof of a new consideration. *Sargent* v. *Robbins*, 19 N. H. 572.

2. The action may be maintained on the first and third amended counts; and no specific averment of consideration is necessary, by *St.* 1852, *c.* 312, § 2, *cl.* 3, 9. At common law the action being on a note, and the defendant styling himself " surety," no specific averment of consideration would be necessary, there being a consideration apparent upon the face of it. If any averment of consideration is necessary, " for a valuable consideration " is sufficient, especially when taken in connection with the copies of the notes, which are expressed to be " for value received." *Jerome* v. *Whitney*, 7 Johns. 321.

If a consideration is not sufficiently stated in these. counts to support an action, there should have been a demurrer; and no objection having been taken at the trial, when an amendment might have been allowed, it is now too late to object to them. *Bickford* v. *Gibbs*, 8 Cush. 154. *Burnett* v. *Smith*, 4 Gray, 50. Lawes on Assumpsit, 59.

After verdict, a defective statement of consideration will be aided, and a proper and full consideration will be presumed to have been proved. *Hendrick* v. *Seeley*, 6 Conn. 176. *Ward* v. *Harris*, 2 Bos. & Pul. 265. *Crowther* v. *Oldfield*, 2 Ld. Raym. 1225. *Jackson* v. *Alexander*, 3 Johns. 484.

3. The second and fourth amended counts are sufficiently supported by the evidence, and not contradicted. (1.) The recital " for value received " was evidence of consideration sufficient to put the defendant on his defence. *Jennison* v. *Stafford*, 1 Cush. 168. *Burnham* v. *Allen*, 1 Gray, 496. *Jerome* v. *Whitney*, 7 Johns. 321. (2.) A sufficient actual consideration was proved by competent evidence, submitted to the jury under proper instructions. *Mecorney* v. *Stanley*, 8 Cush. 85. *Walker* v. *Sherman*, 11 Met. 170. *Breed* v. *Hillhouse*, 7 Conn. 523.

If there is a variance, the declaration may be amended at any time before final judgment; and this is a proper case for such amendment. *St.* 1852, *c.* 312, §§ 32–35. *Cleaves* v. *Lord*, 3 Gray, 66.

4. A note is not vitiated by the addition of a surety, either as to such surety, or as to the principal debtor, whether such addition is by consent or not. *Peake* v. *Dorwin*, 25 Verm. 28. *Hughes* v. *Littlefield*, 18 Maine, 400. *Powers* v. *Nash*, 37 Maine, 322. *Howe* v. *Peabody*, 2 Gray, 556. *Bryant* v. *Eastman*, 7 Cush. 111. *Tenney* v. *Prince*, 4 Pick. 385. *Speake* v. *United States*, 9 Cranch, 28. *Catton* v. *Simpson*, 8 Ad. & El. 136. Bu if the consent of the principal signers was necessary, it was sufficiently shown.

BIGELOW, J. It is very clear that the plaintiff could not recover against the defendant Snow, upon the counts in this writ, charging him as an original party to the note set out in the declaration. Upon the evidence, it appeared that he was not a party to the note when it was made, and did not partake in the consideration for which it was given. He affixed his name to it several months after its date, and while it was in the hands of the payee. His contract was collateral to that of the signers of the note, and was in its nature a guaranty of their promise. It was essential therefore, in order to charge the defendant upon this contract, to prove a new and independent consideration in addition to that on which the note was founded. Not being a surety acting upon the same consideration with the original promisors, he could be held liable only by proof of some damage or loss to the plaintiff, or some benefit or advantage to the defendant, as constituting a legal consideration for his contract. *Tenney* v. *Prince*, 4 Pick. 385. *Mecorney* v. *Stanley*, 8 Cush. 85.

It was not sufficient, therefore, to declare against the defendant as upon a promissory note, where, according to the rules of pleading, the mere statement of the liability which constitutes the consideration is sufficient; but it was necessary, as in all cases of simple contracts, that the declaration should disclose a consideration, either of benefit to the defendant, or of detriment to the plaintiff; as otherwise it would appear on the face of the declaration to be *nudum pactum*. 1 Chit. Pl. (6th Amer. ed.) 321. 1 Saund. 211, note 2. *Jones* v. *Ashburnham*, 4 East, 455.

This well established rule of pleading is not changed by *St.* 1852, *c.* 312. On the contrary, § 2 of that statute requires, by

50 *

necessary implication, that all matters to be proved, and all substantive facts, essential to constitute the cause of action, shall be averred in the declaration. And in the schedule of forms, appended to the statute, it is expressly recognized. In the forms of declarations on promissory notes against promisors and indorsers, a mere statement of the liability is required; while in the forms of declarations on contracts of guaranty or suretyship, the consideration is fully set forth.

It is manifest upon the bill of exceptions that the plaintiff at the trial relied only upon his second and fourth amended counts, in which he sought to charge the defendant on his collateral undertaking as guarantor of the notes described in the declaration. These counts were clearly sufficient; and if the plaintiff had proved his case as laid, he would have shown a good ground of action. There was no defect in either count, which would have been good ground of demurrer. The objection is not, that the consideration of the contract is not sufficiently averred; but it is that the averment of the entire consideration was not supported by the proof, and that there was therefore a fatal variance in the statement of the contract.

It is a familiar rule of pleading in assumpsit, that the consideration, which forms the basis of the contract, must be set forth with great accuracy, as otherwise the whole contract will be misdescribed. This rule, as already stated, does not apply to promissory notes or bills of exchange, which of themselves imply a consideration; but it includes all other simple contracts and promises, where the plaintiff, in order to sustain his action, is bound to prove a consideration. It is not sufficient to prove part of an entire consideration; nor is it a compliance with the rule, to omit proof of a portion of a consideration consisting of several things. The evidence must show neither more nor less of the consideration than is alleged. It must be proved to the extent alleged, otherwise the variance will be fatal. If the proof exceeds the statement of the consideration, or falls short of it, it is equally a misdescription, and does not support the declaration. Thus it has been held, that if two good considerations are alleged, and one of them is not proved, or is found false by the jury, the

plaintiff must fail. The only exception to this rule, as applied to contracts which do not of themselves import a consideration, is where several considerations are averred, in part good, and in part frivolous and insufficient. In such case, the insufficient portion is treated as surplusage, and the declaration is supported by proof of that part of the consideration averred in the declaration, which is good and sufficient to support the promise. Lawes on Assumpsit, 56. 1 Chit. Pl. 321–327. *Coulston* v. *Carr*, Cro. Eliz. 848. *Rawson* v. *Brown*, 4 Leon. 3. *Lansing* v. *M'Killip*, 3 Caines, 286.

The application of this rule to the case at bar fully sustains the ground taken by the defendant at the trial. The second and fourth amended counts both aver two good and distinct considerations, either of which were sufficient to support a promise. In each it is alleged that the consideration of the defendant's promise was forbearance by the plaintiff to sue the original parties to the note in compliance with an agreement to that effect, and also that the plaintiff deposited in the hands of the defendant funds and securities to indemnify him for his promise. The evidence tended to prove the former of these allegations; but there was no proof in support of the latter. Under these circumstances it was the duty of the judge to instruct the jury, according to the request of the defendant, that the plaintiff was bound to prove the whole considerations as alleged; and his refusal to do so is good ground of exception. Being a defect in the proof, and not in the declaration, it is not, as urged by the plaintiff, aided or cured by the verdict.

But although the objection was well taken by the defendant, it is of a strictly technical character, and in no way affects the merits of the case; nor was the defendant at all prejudiced or injured by it in the trial of the case. A good consideration for the defendant's promise was averred, and the verdict of the jury has found that it was proved to their satisfaction. An amendment striking out this part of the consideration, of which there was no proof, will cure the defect, and entitle the plaintiff to hold his verdict. Such an amendment the court are authorized to allow under Rev. Sts. *c.* 100, § 22, and *St.* 1852, *c.* 312, § 32;

and if moved for, it will be allowed, the plaintiff taking no costs incurred since the trial, according to the decision in *Cleaves* v. *Lord*, 3 Gray, 71.

The remaining objections insisted on by the defendant are untenable. The placing of the name of Snow on the note under the circumstances proved did not constitute an alteration of the contract of the original parties. It did not in any way change or affect their rights. It was a new and independent contract, made on a sufficient consideration with a third party, to which their assent was unnecessary. The validity of such contracts have been often recognized in this commonwealth. *Tenney* v. *Prince*, 4 Pick. 385. *Bryant* v. *Eastman*, 7 Cush. 111. See also *Catton* v. *Simpson*, 8 Ad. & El. 136, and 3 Nev. & P. 248; *Hughes* v. *Littlefield*, 18 Maine, 400; *Powers* v. *Nash*, 37 Maine, 322.