*H. S. Kelley,* for the appellants.

*J. H. Jones,* for the appellee.

Nov. Term,
1861.

KOUNTZ
v.
HART.

---

## KOUNTZ v. HART.

*A.* having a mare in the possession of *B.*, which *C.* desired to purchase, agreed to sell her to *C.* for $70, if he would give his note therefor, payable at a given time, with such surety thereon as *B.* would approve. *C.* offered to *B.* a note with surety, but which did not bear interest, nor waive the benefit of the valuation laws. Upon objection being made to these defects, *C.* took a pen and wrote in the note the words, "with interest," and then agreed that he would take the mare, and if *A.* was not satisfied with the note, when he should see it, he would return the mare to him. *A.* declined to receive the note, and having demanded of *C.* to return the mare, brought this suit to recover her.

*Held,* that the alteration of the note by the insertion of the words, "with interest," without the consent of the surety, discharged him from any liability thereon, and left the note without surety, and hence not such a one as the contract called for.

*Held,* also, that the title to the mare never passed to *C.*

APPEAL from the *Huntington* Common Pleas.

WORDEN, J.—This was an action of replevin for a mare, brought before a justice of the peace, by *Kountz,* as guardian of *Isaac Leedy,* an insane person, against *Hart.* The plaintiff appealed to the Court of Common Pleas, where there was a verdict and judgment for the defendant.

*Monday,*
*December* 9.

Nov. Term,
1861.

KOUNTZ
v.
HART.

The case is before us on the evidence. The following are
the substantial facts, as gathered from the evidence. The
mare in question belonged to *Isaac Leedy*, the plaintiff's
ward, and had been left by his wife in the possession of one
*Abraham Leedy*. *Hart* wished to purchase her. *Hart* and
*Abraham Leedy* went to see the plaintiff about it, and it was
agreed between the plaintiff and defendant that the plaintiff
would sell the mare to the defendant for $70, payable on
*October* 1, 1859, for which amount *Hart* was to execute his
note to the plaintiff, with interest from date, (this was about
*February* 1, 1859,) with good security, and the note was to
be such as *Abraham Leedy* should approve. *Hart* and *Abra-
ham Leedy* then left. In a few days *Hart* brought to *Abra-
ham Leedy* a promissory note, made payable to the plaintiff,
for the amount, payable at the time specified, signed by the
defendant and one *John Mininker.* The note did not
waive the appraisement laws, nor did it bear interest. *Abra-
ham Leedy* refused to take the note because it did not waive
the appraisement laws, unless *Hart* would satisfy *Kountz.*
*Hart* then said he would make it draw interest from date,
and procured pen and ink, and interlined, or wrote on the
face of the note, the words, "with interest from date." He
then said if *Kountz*, when he returned home, was not satis-
fied with the note, he would return the mare in as good con-
dition as she was then in. With this understanding *Leedy*
took the note and let the defendant have the mare. In a
week or two *Kountz* came home, and *Leedy* presented to
him the note, and informed him of what had transpired.
*Kountz* refused to receive the note, saying that the surety
was not bound for the interest, and he would not take it; that
*Hart* must execute another note, with surety, or give up the
mare. The plaintiff immediately prepared a note to be ex-
ecuted by *Hart* and his surety, according to the terms of the
contract, waiving appraisement laws, and sent it, together
with the other note, to the defendant, requesting him to ex-
ecute, with his surety, the new note, or return the mare.
The defendant declined to execute the new note, because it
waived the appraisement laws, but agreed to return the
mare, stating that he had agreed to return her in as good

condition as when he got her; that she was then a little
lame, and he would keep her a few days until she got well,
and would return her some day that week, which, however,
was not done. A subsequent demand was also made for a
return of the mare, which was not complied with.

Upon these facts, concerning which the evidence does not
appear to be at all conflicting, it is difficult to see upon what
ground the verdict and judgment can be sustained. Admitting that *Hart* was not required, by the terms of the
contract, to execute a note waiving appraisement laws;
still he has fallen far short of complying with it in another respect. When the alteration was made in the note,
by inserting the words "with interest from date," the surety
upon the note was not present, and no authority appears
for such alteration. The alteration changed the substance
of the contract, and, undoubtedly discharged the surety
from all liability thereon. *Holland* v. *Hatch*, 11 Ind. 497.

The note then stood simply as the note of the defendant,
without surety. *Abraham Leedy* was not authorized, in any
manner, to take a note without surety, but *with* such surety
as he should approve. Again, the defendant agreed, upon
receiving possession of the mare, to return her unless the
note should be accepted by the plaintiff.

It is clear to our minds, that the title to the mare never
passed to the defendant; and, therefore, that a new trial
should have been granted.

The appellee assigns cross errors. upon the ruling of the
Court upon motions made by him to dismiss the appeal, and
to correct the record. These several motions were based
upon affidavits which are not in the record; and therefore
we must presume that the rulings were correct. The affidavits, to be sure, are copied by the clerk into the transcript,
but that does not make them a part of the record; which
can only be done by bill of exceptions, or order of the Court.
*Kirby* v. *Cannon*, 9 Ind. 371.

*Per Curiam.*—The judgment is reversed, with costs.
Cause remanded for a new trial.

*D. O. Daily*, for the appellee.