HAMILTON ET AL. *v.* WOOD.

PROMISSORY NOTE.—*Alteration of Date.*—A promissory note providing for interest after maturity was, by agreement of the parties thereto, dated at a time subsequent to the real date of its execution, but a subsequent holder of the same, without the knowledge or consent of the maker, struck out the agreed date and inserted the true one.

*Held*, that the alteration was material.

From the Johnson Circuit Court.

*G. M. Overstreet* and *A. B. Hunter*, for appellants.

*S. P. Oyler*, for appellee.

NIBLACK, J.—This action came to the court below, by appeal from a justice of the peace. The complaint was upon a promissory note, executed by the defendants, John T. Hamilton and Jordan Utterback, to one William T. Shuck, and assigned by indorsement to one Carmine, and afterward to the plaintiff, Thomas B. Wood.

The defendants answered, admitting the execution of the note and saying that the note was to bear interest from date; that December 25th, 1875, was agreed upon by the parties to the note as the date from which interest should be computed; that the words "December 25th, 1875," were written into the note as the date thereof, at the time of its execution; that, after the plaintiff became the purchaser and owner of said note, he, without the knowledge or consent of the defendants, or either of them, unlawfully, intentionally and materially altered and changed said note, by striking out and erasing the words "December 25th, 1875," which constituted the date thereof, thereby giving such note the appearance of having been dated on the 12th day of September, 1874.

The plaintiff demurred to the answer, but his demurrer was overruled, and he replied in general denial.

By request, the court made a special finding of the facts, which was substantially as follows: The court finds spe-

cially, that the note sued on at the time the same was executed and delivered to William T. Shuck, the payee, was in these words :

" ' $160.00.    No.—.  Due this September 12th, 1874.
                                    December 25th, 1875.

" ' One day after date we promise to pay to the order of W T. Shuck the sum of ——, negotiable and payable at——, one hundred and sixty $\frac{00}{100}$ dollars, with interest at the rate of ten per cent. per annum after maturity, and with attorney's fees if suit be instituted on this note.   Value received without any relief whatever from valuation or appraisement laws.   The drawers and indorsers severally waive presentment for payment and notice of protest and nonpayment of this note.

" 'John T. Hamilton,

" 'Jordan Utterback.'

" That the same was so executed on the 12th day of September, 1874 ; that the words ' December 25th, 1875,' were written in the note, and by the parties it was verbally agreed this was the date from which interest on said note should be computed, and one day after which the same should become due ; that Shuck, the payee, sold and endorsed the note to Carmine ; that Carmine sold and endorsed the same to the plaintiff, who, while he was the owner and holder of the same, learning from Shuck and others that the note was executed Sept. 12th, 1874, intentionally struck out and erased therefrom the words ' December 25th, 1875,' without the knowledge or consent of said defendants, or either of them.

" As a conclusion of law, from the foregoing facts, the court found for the plaintiff, and assessed his damages at the sum of $192,87, collectible without any relief from valuation laws ; to which conclusion of law the defendants excepted."

Judgment was thereupon rendered against the de-

fendants, for the amount of the damages so assessed in favor of the plaintiff.

The defendants have appealed, and assigned error upon the conclusion of law at which the court arrived from the facts as found by it, and the appellee has assigned cross error upon the overruling of his demurrer to the answer. The evidence is not in the record, and no question is made as to the admissibility of any of the evidence upon which the court based its special finding. We have therefore only to consider the facts as they were found by the court.

. Our conclusion, from the finding of the court that the 25th day of December, 1875, was the day from which interest on the note should be computed, and that the note was to be considered as due one day after that date, and that the words " December 25th, 1875," were written into the note with that understanding, is, that the words thus written in constituted the proper and real date of the note, and consequently that the intentional erasure of such words by the plaintiff, without the knowledge or consent of the defendants, amounted in legal effect to a destruction of the note itself. We are therefore constrained to hold that the court erred in its conclusion of law upon its finding of the facts.

What we have said upon the facts as presented by the special finding necessarily leads us to the further conclusion that the court did not err in overruling the appellee's demurrer to the answer of the appellants.

The judgment is reversed, with costs, and the cause is remanded, with instructions to the court below to render judgment upon the special finding, in favor of the appellants.