No. 14,150.

## HOUCK *v.* GRAHAM ET AL.

PROMISSORY NOTE.—*Surety.*—*Liability of.—-May be Fixed by Agreement.*—A party signing a note as surety may, at the time of such signing, fix his liability as between him and the other parties whose names precede his, by agreement, written or parol, express or implied, without consulta-tion with the other sureties whose names appear on the note.

SAME.—*Suit for Contribution.*—*Answer Alleging Non-Liability.*—*Sufficiency of.*—*Demurrer.*—An answer to a suit instituted by a surety on a note to compel contribution from the defendant, is good which avers that the defendant, at the time he signed the note, did so with the express understanding and agreement, both with the principals in the note and the payee, that he was to be liable only as a surety for the plaintiff. This being true, as admitted by the demurrer filed to the answer the de-fendant was not a co-surety with the plaintiff, and was not liable to con-tribution.

SAME.—*Evidence.*—*Liability of Party.*—*Conversations Relating to.*—*Admissi-bility of.*—*Res Gestæ.*—Conversations between the defendant and the principals in the note and the payee, pending the negotiations which resulted in the signing of the note paid by the plaintiff, relating to the character of the liability which the defendant would assume in signing, and also what was said at the time the defendant signed the note, were admissible in evidence, though had in the absence of the plaintiff. They were part of the *res gestæ,* and tended to show the character in which the defendant signed the note, and his relation to the other parties to the paper.

From the Sullivan Circuit Court.

*J. T. Hays, H. J. Hays, C. E. Barrett, W. C. Barrett* and *J. A. Moore,* for appellant.

*J. S. Bays, J. T. Beasley* and *A. B. Williams,* for appellees.

COFFEY, J.—This case is here for the second time, *Houck* v. *Graham,* 106 Ind. 195.

Upon a return of the cause to the lower court the ap-pellee Shields filed a separate answer, in which he averred that prior to signing his name on the back of the note now in controversy he was surety on a note payable to the Sulli-

van County Bank, for Hostetter and Williams, for the sum of five hundred dollars; that when said note became due he notified said bank to proceed to collect the same, and that he would no longer stand as surety for the said Hostetter and Williams; that thereupon a new note for five hundred dollars was made out by said bank and delivered to the said Hostetter and Williams, to procure sureties thereon, they being unable to pay said other note in money; that said Hostetter and Williams, and said bank asked appellee to sign said new note as surety for said Williams and Hostetter, when they then and there offered to indemnify him; that he refused to sign the same, and notified said bank that it could collect said original note from said Hostetter and Williams, who at that time had a stock of merchandise and solvent outstanding notes and accounts, free from incumbrance, of the value of ten thousand dollars; that said note could have been readily collected of said Hostetter and Williams had the same been pressed when he notified said bank to sue on the same, and when he declined to sign said new note as surety; that thereafter, to wit: on the — day of ——, 1883, the said Hostetter and Williams and said bank presented the note now in controversy to this appellee, with the names of the said Hostetter and Williams, the appellant Peter Houck, and Sanford Graham, signed on the face thereof as makers, and the name of Ephraim Beasley endorsed on the back thereof, and asked this appellee to sign said note on the back thereof, as endorser; that this appellee still declined and refused to sign said note, unless upon the express condition that he was to become liable on said note only after the said parties, who had signed the same on the face thereof, were exhausted; that he was assured by said bank and said Hostetter and Williams that if he would sign said note on the back, as requested, it was only on the condition that he should be liable on said note after the parties above mentioned were exhausted; that upon the condition above named, and being

assured that he would only be liable after the other parties were exhausted, and after ascertaining that appellant was in good financial condition, he signed said note on the back thereof, as endorser for the parties who had signed the same on the face thereof, with the express understanding and agreement with the said bank and the said Hostetter and Williams that he would be liable on said note only as endorser for said above-mentioned parties, and after they were all exhausted; that when the appellant signed said note he delivered the same back to Hostetter and Williams, the principals in said note, and made them his agents to procure such other names on said note, and on such conditions as they should see proper, or deem expedient.

The court overruled a demurrer to this answer, and the appellant excepted.

Upon issues formed the cause was tried by a jury, who returned a special verdict. The court overruled a motion by appellant for a new trial, and, also, a motion for judgment in his favor on the special verdict. The court sustained a motion by appellee for judgment in his favor on the special verdict, and rendered judgment against the appellant for costs.

The errors assigned call in question the correctness of the above rulings of the circuit court.

The special verdict follows, and sustains the answer above set out in every particular.

The questions arising on the demurrer to this answer, and the questions arising on the motions for judgment on the verdict may, therefore, be properly considered together; for if the answer is sufficient to bar a recovery on the complaint the court did not err in overruling the motion by the appellant for judgment in his favor on the special verdict, nor did the court err in sustaining the motion of the appellee.

The complaint is drawn upon the theory that the appellant and the appellee Shields were co-sureties on the note paid by the appellant to the Sullivan bank.

It is too well settled to admit of controversy, that a party signing a note as surety, may, at the time of such signing, fix his liability as between him and the other parties whose names precede his, by agreement, written or parol, express or implied, without consultation with the other sureties whose names appear on the note. *Baldwin* v. *Fleming*, 90 Ind. 177, and authorities there cited; *Houck* v. *Graham, supra.*

Under this rule the appellee Shields had the power when he signed the note in suit to fix his relation to such paper as a surety for the appellant. This the answer before us avers he did by an express agreement both with the principals in the note and the payee. This being true, he was not a co-surety with the appellant, and is not liable to contribution. The answer averred a good defence to the cause of action set up in the complaint, and the court did not err in overruling a demurrer thereto; nor did the court err in overruling the motion of the appellant for judgment in his favor on the special verdict; nor in sustaining the motion of the appellee for judgment in his favor on said verdict.

The court permitted witnesses to testify to conversations between the appellee Shields and the officers of the bank and Hostetter and Williams, and the attorney of the appellee pending the negotiations which resulted in the signing of the note paid by the appellant, relating to the character of the liability which appellee would assume in signing, and, also, what was said at the time the appellee signed the note. The appellant was not present at these conversations.

There was no error in the admission of this testimony. It was part of the *res gestœ*, and tended to show the character in which the appellee signed the note, and his relation to the other parties to the paper.

As we have said, the appellee, at the time he signed the note, had the right to fix his relations with reference to the other parties whose names preceded his, and what was said and done in the negotiations which led up to his signing, and what was said at the time he signed, was the only means by

which it could be determined as to whether he signed it as a co-surety with the appellant, or in some other capacity.

There is no error in the record.

Judgment affirmed.

Filed April 12, 1890.