## BRANNUM LUMBER COMPANY v. PICKARD.

[No. 4,886.    Filed July 1, 1904].

PRINCIPAL AND SURETY.—*Alteration of Note.—Discharge of Surety.*—The alteration of a note after its execution, and without the consent of the surety, so as to postpone the date of payment, is a material alteration, and discharges the surety.  *pp. 486, 487.*

SAME.—*Alteration of Note.—Extension of Time.—Discharge of Surety.*—A provision in a note that the makers and indorsers agree that the payee may extend the time of payment and receive interest in advance from either the makers or indorsers for any extension so made, and waive any defense thereto on account of the same, does not authorize a change in the date of a note so as to postpone the date of payment; and if such alteration is made the surety is discharged.  *pp. 486-488.*

From Madison Circuit Court; *J. F. McClure*, Judge.

Action by the Brannum Lumber Company against Edward M. Pickard. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*W. A. Kittinger* and *W. S. Diven*, for appellant.
*Byron McMahan* and *E. F. Dailey*, for appellee.

BLACK, C. J.—The appellant brought suit against the appellee and one James S. Snethen upon two promissory notes. There having been no service of process on the defendant Snethen, the cause was dismissed as to him by the appellant. The appellee answered by general denial and by a paragraph denying the execution of the notes, both answers being verified.

The court rendered a special finding, wherein it was stated, in substance, that on and prior to April 15, 1901, Snethen was indebted to the appellant, for lumber and

materials sold and delivered to him, in the sum of $175, and on that day the appellant agreed with Snethen to accept his notes to settle this indebtedness, conditioned that he would give the appellee as surety on the notes, one to be for $100, due in ninety days from date, and the other for $75, due in 120 days from date, each of the notes to bear eight per cent. interest from the date above stated, and providing for attorney's fees; that on the day above mentioned Snethen and the appellee signed the notes sued on, "in their present forms, except the erasures of the phrase 'Apr. 15' and the inserted phrase 'May 2' "; that the notes so signed were kept in the possession of Snethen from April 15 until May 2, 1904, when they were taken to one Joseph G. Brannum, a member of the appellant and its general manager, and then the date April 15 was erased, and the date May 2 was inserted, and the notes were then delivered to Brannum for the appellant; that these erasures and insertions were made at that time by Snethen, in the presence of Brannum, and with his knowledge and consent, and Snethen, who had been entrusted with the notes by the appellee as surety thereon, then delivered them to Brannum, the manager and business agent of the appellant, who received them for the appellant, in accordance with the above-mentioned agreement, in settlement of said account due the appellant; that at the time of the delivery of the notes to Brannum and immediately thereafter, by Snethen, Brannum, acting for the appellant, suggested to Snethen that he was entitled to a credit on the notes of the amount of the interest thereon from April 15, 1901, to May 2, 1901, and thereupon Snethen erased the date of April 15 and inserted the date of May 2 in the notes, which change was intended by the parties for the purpose of giving Snethen the benefit of a credit for the amount of interest that had then accrued on the notes; that the appellee did not see either of the notes from the time he signed them on the 15th day of April, 1901, until after the commencement of this action, and did

not have any knowledge whatever that the dates of the notes had been changed, and did not give any consent or authority to Snethen or Brannum or the appellant to make said changes in the notes, and was not present at the time of the delivery, and did not know when the notes were delivered to the appellant; that the appellee did not receive any part of the consideration for the notes, or either of them; and he signed the notes and each of them as surety of his co-defendant Snethen, and in no other capacity. The forms of the notes were set out in the finding. They bore date of May 2, 1901, but in each there was an erasure of "April 15," above which was written "May 2." The notes severally were payable to the order of the appellant at a bank in this State, and bore interest from date at the rate of eight per cent., and contained the following: "The makers and indorsers of this note further expressly agree that the payee or its assigns may extend the time of payment thereof from time to time, and receive interest in advance or otherwise from either of the makers or indorsers for any extension so made, and waive any defense thereto on account of same." It was found that the notes were due and wholly unpaid; that there was due thereon in principal and interest a specified sum, and the amount of a reasonable attorney's fee was stated. The court stated as conclusions of law, that the change of dates on the notes was a material alteration, and they were not the notes signed by the appellee, but a new contract, in which he was in no way a party, and not binding upon him; that the change of dates without the authority, knowledge, and consent of the appellee released him from liability thereon; and that the appellant should recover nothing from the appellee in this suit.

The question as to the correctness of the court's conclusions of law is alone presented here. The changing of the dates of the notes constituted material alterations. The legal effect of the contracts was changed thereby without the consent or knowledge of the surety. The action of the

principal maker in the presence of the agent of the payee, and with his assent, rendered the payee privy to the alteration, which was, in effect, the action of the payee. The contracts as altered were not the same in legal effect as those signed by the surety. The dates of the maturity of the notes were by that act postponed. The notes were thereby rendered invalid as against the surety. That this would be the effect of the alterations in the absence of the provisions in each of the notes relating to the extending of the time of payment from time to time, and to receiving interest for such extensions, quoted above, does not seem to be much contested by the appellant; but it seems to be supposed by counsel that by reason of such provision the alteration did not change the legal effect of the notes. This provision authorizing the payee or its assigns to extend the time of payment from time to time and to receive interest in advance, or otherwise, from the makers or indorsers for any extension so made, had relation to the date of the notes as signed by the appellee, and contemplated extensions for periods, the first of which as to each note would begin and run from the time when that note would mature if there were no such extension. The first extension that could be made pursuant to that provision would commence, as to one of the notes, at the expiration of ninety days from April 15, 1901, and as to the other note at the expiration of 120 days after that date. The provision in question contemplated the making of an agreement or agreements additional to those evidenced by the notes, and not alterations of the notes themselves. Without relation to the question as to how the interest of the surety might be affected by the change of the date of the execution of the notes, it is plain that the contracts were not the same in legal effect as they would have been if not so changed, and therefore the alterations were material, and the appellee was thereby discharged from liability thereon.

In *Bell* v. *State Bank,* 7 Blackf. 456, it was said: "It must be evident that the nearer the blank instrument approaches to perfection, the more restricted must be the authority; if the sum, date, or time of payment be inserted, they can not be changed."

In *Hamilton* v. *Wood,* 70 Ind. 306, the date of a note, inserted therein, being a date subsequent to the real time of its execution, was erased by a holder without the knowledge or consent of the maker, whereby the note had the appearance of being dated at the real time of the execution thereof. This was held to be in legal effect the destruction of the note. See, also, *Holland* v. *Hatch,* 11 Ind. 497, 71 Am. Dec. 363; *Kountz* v. *Hart,* 17 Ind. 329; *Hart* v. *Clouser,* 30 Ind. 210; *Schnewind* v. *Hacket,* 54 Ind. 248; *Cochran* v. *Nebeker,* 48 Ind. 459; *Franklin Life Ins. Co.* v. *Courtney,* 60 Ind. 134; *Coburn* v. *Webb,* 56 Ind. 96, 26 Am. Rep. 15; *Dietz* v. *Harder,* 72 Ind. 208; *Johnston* v. *May,* 76 Ind. 293; *Eckert* v. *Louis,* 84 Ind. 99; *Hert* v. *Oehler,* 80 Ind. 83; *Palmer* v. *Poor,* 121 Ind. 135, 6 L. R. A. 469; *Moore* v. *Hinshaw,* 23 Ind. App. 267, 77 Am. St. 434.

Judgment affirmed.