HOLTHOUSE ET AL. *v.* THE STATE OF INDIANA, EX
REL. LUDLOW FALLS QUARRY COMPANY ET AL.

[No. 7,373. Filed January 9, 1912.]

1. HIGHWAYS.—*Macadam Roads.—Bonds.—Sureties.—Statutes.*—
A bond given to secure the construction of a macadam road, in
pursuance of §7723 Burns 1908, Acts 1905 p. 524, §74, requiring
each bidder to file a bond to secure the performance of the con-
tract, constitutes an official bond within the meaning of §1278
Burns 1908, §1221 R. S. 1881, curing all defects in official bonds.
p. 182.

2. APPEAL.—*Weighing Evidence.—Consideration of Evidence.*—The
Appellate Court will not weigh conflicting evidence; and in de-
termining whether there is some evidence supporting the decision
only the evidence favorable to the decision will be considered.
p. 182.

3. PRINCIPAL AND SURETY. — *Bonds.—Limiting Liability.—High-
ways.*—A surety on a highway construction bond may prescribe
the limitation upon his liability. p. 182.

4. HIGHWAYS.—*Bonds.—Execution and Delivery in Blank.—Sure-
ties.—Liability.*—Where certain sureties executed a highway con-
struction bond, leaving a blank space for the signature of a resi-
dent surety, and delivered it to the contractor to secure such
resident surety, the resident surety's signature limiting his lia-
bility merely as surety for them does not constitute an alteration
of the bond as to them, but they remain liable as sureties, the

addition of such surety making no change of liability in any way injurious to them. p. 183.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Action by The State of Indiana, on the relation of the Ludlow Falls Quarry Company against Peter Holthouse and others. From a judgment for plaintiff, certain defendants appeal. *Affirmed.*

*C. J. Lutz* and *A. P. Beatty,* for appellants.
*Lew Wallace,* for appellee.

ADAMS, J.—Appellee Miller was awarded the contract for constructing a certain macadam road in Randolph county. Prior to filing his bid with the auditor of Randolph county, Miller had secured a blank form of bond required in such cases, and on March 5, 1907, signed it, with appellees, Dugan, Beatty, and Holthouse as sureties, and duly acknowledged the execution thereof. After the bond had been so signed, it was incomplete, in that a blank space was left before the words ''of Randolph county,'' and also blank spaces remained for the signatures of the commissioners of Randolph county, and spaces for the signature of the auditor of said county, and for the day, month and year in which it was signed, accepted and approved. Miller had made previous contracts with said board of commissioners, in some of which he was required by the board to give bond, with at least one surety residing in Randolph county, and at the time the bond was signed, as aforesaid, and placed in the hands of Miller, he knew that said board would probably require upon it a surety who was a resident of Randolph county, and that the space left in the bond before the words ''of Randolph county'' was intended to be filled with the name of such resident surety, but that appellants at the time they signed and acknowledged said bond, and until after the contract had been let, and the work thereunder completed, did not know that an additional surety would execute or had executed it; that Miller, Dugan, Beatty and

Holthouse each resided in Adams county, and knew that the blank space in the bond might and probably would be filled with the name of a resident of Randolph county, who would also execute said instrument as a surety; that after said instrument was so signed and acknowledged, it was placed in the hands of Miller for the purpose of doing whatever might be necessary to procure the acceptance thereof by the board of commissioners, and for the purpose of obtaining an additional surety, and writing his name in the blank space in the body of the bond, if such resident surety should be required by said board of commissioners; that Miller took said instrument, as signed and acknowledged, placed it with his bid in an envelope, and delivered said envelope to the auditor of Randolph county, on the forenoon of March 7, 1907; that before said envelope was opened by the board of commissioners, Miller was informed by the county attorney of Randolph county that a resident surety was required, and Miller then obtained possession of the envelope, withdrew said bond therefrom, and requested appellee Alonzo L. Nichols, a resident of Randolph county, to become surety on said bond; that the name of said Nichols was written in the blank space before the words "of Randolph county," and he signed said instrument, writing after his name, the words "surety for Calvin Miller, C. A. Dugan and A. P. Beatty," and later in the same day struck out the word "and" before the name of Beatty, and added "and Pete Holthouse." The execution of the instrument was duly acknowledged by Nichols, and the bond so changed was presented to the board with the bid made by Miller; that the contract was awarded to Miller, and the bond was duly accepted and approved by the board of commissioners, and the blank spaces therein were filled by inserting the date, and by the members of the board subscribing their names thereto; that Miller on said date entered into a contract with the board of commissioners for the construction of said road for the sum of $9,823, to be constructed in full accord-

ance with the profile, reports, plans, specifications and orders of the board in reference thereto; that said contract required Miller to pay all claims for work and material furnished for the construction of the road, and the bond expressly provided for the payment of all damages to any person or corporation that should suffer loss by reason of any failure of said bidder to enter into a proper contract to perform such work, or to pay for any labor or material furnished to said bidder; that, in the construction of said road, Miller purchased of the relator stone of the value of $5,397.76, of which amount there remains unpaid the sum of $2,241.93.

The facts just stated appear from the special finding of facts made by the court, and upon which the court stated as a conclusion of law that the bond was executed by Calvin Miller, principal, and by appellants Dugan, Beatty and Holthouse as sureties for Miller, and by appellee Nichols as surety for Dugan, Beatty, Miller and Holthouse. The court also found that appellant is entitled to recover from Miller, as principal, from Dugan, Beatty and Holthouse as sureties for Miller, and from Nichols as surety for Miller, Dugan, Beatty and Holthouse, the sum of $2,218.78, with interest, and that upon execution, the property of Miller should be first exhausted before resorting to the property of the other judgment debtors, and that the property of Dugan, Beatty and Holthouse should be first exhausted before resorting to the property of Nichols.

Appellants duly excepted to each conclusion of law, and urge that there was such an alteration of the bond, after they had signed and delivered it, as would release them from liability thereon. If appellants are correct in this contention, their exception to the conclusions of law properly presents the question, as the court found the facts very fully, showing in detail all that was done in regard to the bond after it left the hands of appellants.

The bond was given pursuant to §7723 Burns 1908, Acts

1905 p. 521, §74, which provides that "with his proposal such bidder shall submit his bond payable to the State of Indiana, in a penal sum equal to double the sum of his proposal, with good and sufficient sureties, to the approval of the board, conditioned for the faithful performance of the work in accordance with the profile and report, and the plans and specifications therein set forth, which bond shall be for the benefit of any person or corporation who shall suffer loss or damage by reason of any failure or neglect of such bidder to enter into the proper contract to perform such work, or to carry out the same in any particular, or to pay for any labor or material therefor that shall have been furnished to him or to any subcontractor, agent or superintendent under him."

The bond contemplated by this section is an official bond, within the meaning of §1278 Burns 1908, §1221 R. S. 1881. The rule which favors sureties is not applied with strictness in determining the liability of sureties on official bonds. *Faurole* v. *State, ex rel.* (1887), 110 Ind. 463, 466.

Numerous errors are assigned and relied upon for reversal, but all are comprehended in the exception to the legal conclusions stated upon the finding of facts, except the error predicated upon the overruling of the motion for a new trial. This calls in question the sufficiency of the evidence to sustain the finding. Without reviewing the evidence, it is sufficient to say that there was some evidence tending to establish the facts found. In such cases, this court will not pass upon the weight of the evidence, but will consider only evidence in support of the findings. *Board, etc.,* v. *Eaton* (1906), 38 Ind. App. 30; *Boos* v. *Siegmund* (1910), 45 Ind. App. 284; *Voss* v. *Capital City Brewing Co.* (1911), 48 Ind. App. 476.

It is insisted by appellants, that they were released from liability on the bond on account of the alteration made therein by appellee Nichols after it had been executed by them. They also urge that if they are

not released, Nichols is bound with them as a cosurety. It will be noted that Nichols signed the bond as surety for the principal and the appellants. A person signing a bond as surety may fix his liability as between other sureties. Nichols limited his liability, and became bound only as surety for the principal and the other sureties. This he had a right to do. *Baldwin* v. *Fleming* (1883), 90 Ind. 177, 180, and cases cited; *Houck* v. *Graham* (1890), 123 Ind. 277, 280.

When appellants executed the bond as sureties for Miller, they knew that the board of commissioners of Randolph county would probably require a resident surety before approving it. They delivered the bond to Miller with full knowledge of the use which Miller would make of it, and that before the bond would become binding upon them it would have to be approved by the board of commissioners of Randolph county. The bond was a printed form, prepared for use in Randolph county only, with blank spaces for principal and sureties, with a further blank space for the name of a surety resident of Randolph county. The form clearly contemplated the probability of sureties in several counties, as three forms of acknowledgement were attached to the bond form. The Board of Commissioners of the County of Randolph did require a local surety, before approving the bond. Upon request, appellee Nichols wrote his name in the body of the bond before the words "of Randolph county," signed and acknowledged the bond, as heretofore set out, and later made the alteration as shown in the finding. The commissioners approved the bond by dating and subscribing their names thereto. We do not think that the additions made to the bond after it left the custody of appellants constitute a material alteration of the original instrument. *Bowser* v. *Rendell* (1869), 31 Ind. 128, 131; *State, ex rel.,* v. *Pepper* (1869), 31 Ind. 76, 85; *Springfield, etc., Thrasher Co.* v. *Park* (1891), 3 Ind. App. 173, 177; *Crowe* v. *Beem* (1905), 36 Ind. App. 207;

*Osborn* v. *Hall* (1903), 160 Ind. 153; *Stone* v. *White* (1857), 74 Mass. 589, 596; *Burnham* v. *Gosnell* (1892), 47 Mo. App. 637, 639; *Hutches* v. *J. I. Case Thrashing Mach. Co.* (1896), 35 S. W. (Tex. Civ. App.) 60, 63; *King County* v. *Ferry* (1893), 5 Wash. 536, 32 Pac. 538, 19 L. R. A. 500, 34 Am. St. 880.

We fail to see wherein the additional name signed to the bond as a surety for all persons who at that time had executed it would constitute a material alteration of the bond as to such other persons. It is clear that the liability of appellants was not in any manner changed by the addition of the name of Nichols. The subsequent signing by Nichols did not increase the obligations assumed by appellants. The test to determine whether there has been a material alteration of the instrument is, Has the change or addition injuriously affected the complaining parties, or could the change, under any possible circumstances, enlarge the burdens already assumed by appellants?

The finding and judgment of the trial court in this case as against the appellants was the same as it would have been had Nichols not signed the bond.

There is no error in the record, and the judgment is affirmed.