WRIGHT, RECEIVER, *v.* O'BRIEN.

[No. 9,544.  Filed April 30, 1918.]

1. ALTERATION OF INSTRUMENTS.—*Material Alteration.—Bills and Notes.*—Any alteration transforming a note in its legal effect is material, even though the burden of the complaining party is not thereby enlarged. p. 524.

2. ALTERATION OF INSTRUMENTS.—*Material Alteration.—Time of Payment.—Release of Surety.*—An alteration of a note after its execution which postpones the date of payment is material, and such note is unenforceable against a maker, or a surety, not consenting to the alteration. p. 524.

3. APPEAL.—*Pleading.—Demurrer.—Waiver of Defects.*—The objection that an answer, in an action on a note, is defective because the word "signed," as used in the answer, is not equivalent to the word "executed" is waived where such defect was not specified in the memorandum to the demurrer, as required under §344, cl. 6, Burns 1914, Acts 1911 p. 415. p. 525.

4. ALTERATION OF INSTRUMENTS.—*Defenses.—Estoppel.*—The participation by the maker of a promissory note in an arrangement with the president of the payee bank, whereby the president could borrow money from the bank in violation of law, would not estop the maker from setting up the defense of material alteration, in the absence of a showing in the plea of estoppel of an agreement to the alteration, since there would be no connection between the alleged unlawful act and the alteration of the note. p. 525.

5. ALTERATION OF INSTRUMENTS.—*Spoliation.—Recovery on Note in Altered Form.*—Although an alteration in a note made by an agent of the holder, without any authority, either expressed or implied, is a mere spoliation not affecting the validity of the note as originally written, such rule has no application in an action on a note in its altered form, regardless of the person making the alteration, where the change is material, since the note in its altered form would not be the contract of the defendant maker. p. 526.

From Lake Superior Court; *Walter T. Hardy,* Judge.

Action by William Wright, receiver of the Indiana

Trust and Savings Company, against James H. O'Brien. From a judgment for the defendant, the plaintiff appeals. *Affirmed.*

*L. V. Cravens,* for appellant.
*Patterson & Crites,* for appellee.

BATMAN, P. J.—This is an action by appellant against appellee on a promissory note. The complaint is in a single paragraph, with the note in suit as an exhibit. Appellee filed an answer in two paragraphs, which was duly verified by his oath. The first paragraph is a denial of the execution of the note. The second paragraph admits the signing of the note, but alleges that since he so signed the same, it has been altered in this: that the year date thereof has been erased in part and other and different figures substituted, thereby causing said note to bear a date one year later than the original and true date borne by it when he signed the same; that said alteration was made without his knowledge or consent; and that the note sued upon is not his act and deed. To the second paragraph of said answer appellant filed a demurrer for want of facts, together with a memorandum stating in substance that it does not set forth facts showing a material alteration of such note, but shows on its face that the alleged alteration was not material, and that appellee was not injured or his liability increased thereby. This demurrer was overruled and appellant duly excepted. He then filed a reply to said second paragraph of answer in four paragraphs. The first paragraph of such reply is a general denial. The second paragraph alleges that after the date of the alleged alteration of said note appellee agreed to pay the same; that he thereby

waived any defense that he might have had thereto by reason of such alteration, and is now estopped from denying liability thereon by reason of such alleged change. The third paragraph alleges that the change in the date of said note, if the same was made, was made with the consent of appellee. The fourth paragraph alleges in substance that at the time of the signing of the note sued on one Charles E. Fowler was president of the bank of which appellant is now receiver; that by reason of such fact it was unlawful for him to borrow money therefrom; that, in order to evade the law and procure an indirect loan from said bank, he procured appellee to sign the note in suit as an accommodation note, on a promise that he would pay the interest thereon, until such time as he was able to pay the same and, being president of said bank, would use his influence to prevent appellee from being pressed thereon or required to pay the same; that such arrangement was wholly in violation of law and a fraud on said bank; that, by reason of appellee's delivery of said note to said Fowler for such purpose, he cannot now take advantage of such fraud, and disclaim liability on said note on account of said alleged alteration of the date. Appellee filed a demurrer to each the second, third and fourth paragraphs of said reply, which was overruled as to the second and third paragraphs and sustained as to the fourth. The demurrer was accompanied by a sufficient memorandum to require a consideration of the question, based on the action of the court in sustaining such demurrer to said fourth paragraph of reply. The cause was submitted to the court for trial without the intervention of a jury. At the close of appellee's evidence, appellant moved for judgment in

his favor for the reason that appellee had failed to sustain either paragraph of his answer. This motion was overruled, and at the conclusion of the trial judgment was rendered in favor of appellee. Appellant filed his motion for a new trial, assigning as reasons therefor that the court erred in overruling his motion for judgment, and that the finding and judgment of the court was not sustained by sufficient evidence, and was contrary to the law and the evidence. This motion was overruled, and appellant has appealed, alleging that the court below erred: (1) In overruling his demurrer to the second paragraph of appellee's answer; (2) in sustaining appellee's demurrer to his fourth paragraph of reply; (3) in overruling his motion for a new trial.

Appellant, in support of his first assigned error, insists that the change in the date of the note in suit, as alleged in said second paragraph of answer, is not a material alteration, as it did not increase appellee's liability or otherwise injure him. He cites the case of *Holthouse* v. *State, ex rel.* (1911), 49 Ind. App. 178, 97 N. E. 130, as supporting his contention, and quotes from page 184 of the opinion. In the case of *John Kindler Co.* v. *First Nat. Bank, etc.* (1915), 61 Ind. App. 79, 109 N. E. 66, this court expressly disapproved such portion of said opinion, and held that, if an alteration of a note is such as to transform the instrument so that it is not the same in legal effect as the instrument executed, the alteration may be material, even though the burden of the complaining party is not thereby enlarged. It is a well-recognized rule that a change in the date of a note, whether it postpones or accelerates the time of payment, is material, and con-

stitutes an alteration which will vitiate the same. 2 C. J. 1203. In harmony with such rule this court has held that the alteration of a note after its execution so as to postpone the date of payment is a material alteration, and cannot be enforced against a surety, if done without his consent. *Brannum Lumber Co.* v. *Pickard* (1904), 33 Ind. App. 484, 71 N. E. 676. This is an authority against appellant's contention, as the rule therein stated as to the effect of an alteration of a note is equally applicable to the facts of this case, notwithstanding the fact that appellee was the sole maker of such note instead of a surety thereon.

Appellant also insists, in further support of his first assigned error, that the word "signed," as used in said second paragraph of answer, is not equivalent to the word "executed," and for that reason such answer is insufficient. As the memorandum filed with the demurrer in compliance with clause 6 of §344 Burns 1914, Acts 1911 p. 415, fails to specify such defect, it is waived in this court. *Hedekin Land, etc., Co.* v. *Campbell* (1915), 184 Ind. 643, 112 N. E. 97. We conclude that there was no reversible error in overruling the demurrer in question.

Appellant's second assignment of error relates to the action of the court in sustaining a demurrer to his fourth paragraph of reply. This paragraph sets up an alleged arrangement between appellee and the president of the payee of the note in suit, whereby such president could borrow money from such bank by means of such note in violation of law, and attempts to predicate an estoppel on such fact. There is no allegation of any agree-

ment for the extension of such note by an alteration thereof. It is manifest that appellee's participation in such alleged unlawful act would not estop him from setting up a defense to such note wholly unrelated thereto. We are unable to see any connection between the alleged unlawful act in the procurement of such loan and the alleged alteration of such note, and therefore conclude that the court did not err in sustaining a demurrer to said fourth paragraph of reply.

The only remaining assignment of error relates to the action of the court in overruling appellant's motion for a new trial. All reasons assigned therein involve a consideration of the evidence and will be considered together. Appellant contends in effect that there is no evidence that the alteration of the note in this suit was made by or with the knowledge and consent of the bank; that, although its president may have made such alteration, the evidence fails to show that he had any authority from the bank to do so, and hence his act in so doing was the act of a stranger; that a change in a note by a stranger is a mere spoliation, and will not release the maker; and that by reason of such fact there should have been a finding in his favor. It may be conceded, as contended by appellant, that an alteration in a note made by the agent of an obligee or holder, without any authority, either expressed or implied, is a mere spoliation by a stranger to the transaction, which does not affect its validity as originally written. *Kingan & Co.* v. *Silvers* (1895), 13 Ind. App. 80, 37 N. E. 413; *Brooks* v. *Allen* (1878), 62 Ind. 401; *Ballard, Admr.,* v. *Franklin Life Ins. Co.* (1881), 81 Ind. 239; *Green* v. *Beckner* (1891), 3 Ind. App. 39, 29 N. E. 172; *Singer, etc., Co.* v. *Barger* (1912), 92

Neb. 539, 138 N. W. 741, Ann. Cas. 1914A 57 and note; *Clyde, etc., Co.* v. *Whaley* (1916), 231 Fed. 76, 145 C. C. A. 264, L. R. A. 1916F 289, and note. Such rule, however, cannot aid appellant under the facts and circumstances of this case. We have held that the change of a note postponing the date of its payment is a material alteration. There was evidence to authorize a finding that such a change had been made in the note in suit without the consent of appellee, and that this action is brought on the note in its altered form. Such a finding would preclude a recovery by appellant in this action, regardless of who made such alteration or by whose authority it was made. This is true, for the reason that if such change was made by the authority or with the consent of the bank, it invalidated the note, and thereby rendered it nonenforceable. *Hamilton* v. *Wood* (1880), 70 Ind. 306; *Stayner* v. *Joice* (1882), 82 Ind. 35; *Palmer* v. *Poor* (1889), 121 Ind. 135, 22 N. E. 984, 6 L. R. A. 469; *Fry* v. *P. Bannon Sewer Pipe Co.* (1912), 179 Ind. 309, 101 N. E. 10; *LaGrange* v. *Coyle* (1911), 50 Ind. App. 140, 98 N. E. 75. But, if such change was made by the president of said bank or other person, under such circumstances as to make such act a mere spoliation of the note, still it would be nonenforceable in its altered form, as it would not be the contract of appellee. 2 C. J. 1259; *Cochran* v. *Nebeker* (1874), 48 Ind. 459; *Kingan & Co.* v. *Silvers, supra; Hess* v. *Schaffner* (1911), (Tex. Civ. App.) 139 S. W. 1024; *Orlando* v. *Gooding* (1894), 34 Fla. 244, 15 South. 770. It thus appears that in either event appellant would have no right of recovery in this action. We therefore conclude that the court did

not err in overruling appellant's motion for a new trial. We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 119 N. E. 469. Alteration of date of negotiable instrument as material alteration, see Ann. Cas. 1913D 725. See under (1) 2 C. J. 1200; (4, 5) 2 C. J. 1259.